[S. F. No. 2215.   In Bank.—February 23, 1901.]

## JOHN F. SIMS, Respondent, v. PETALUMA GAS LIGHT COMPANY, Appellant.

Building Contract—Invalidity—Breach of Fiduciary Relation by President of Corporation.—A building contract for the construction of apparatus for a corporation, executed in the name of the corporation by its president and secretary, to a firm of which the president is a member, is in breach of the fiduciary relation occupied by the president to the corporation and its stockholders, and is invalid without reference to its fairness or unfairness, and cannot be enforced against the corporation.

Id.—Recovery Upon Quantum Meruit.—Though no action can be maintained upon the contract, an action in the nature of a *quantum meruit* will lie in favor of the firm or its assignee, to recover the reasonable value of the work, labor, and services performed and materials furnished in the erection and construction of the apparatus.

Id.—Trial Upon Erroneous Theory of Case—Recovery of Contract Price—Findings Against Evidence.—Where the case was tried upon the part of the plaintiff on the erroneous theory that the contract was valid, and no testimony was introduced showing the amount of the work and labor, or the value of the services rendered, and the evidence showed that the apparatus was not completed according to the contract, the recovery of the amount of the contract price cannot be sustained; and findings that the work was completed according to the contract, and that the amount recovered was the reasonable value of the apparatus, are unsupported by the evidence.

Id.—Improper Exclusion of Evidence—Benefit to Defendant.—The exclusion of evidence offered by the defendant to show whether the defendant had received any benefit from the construction of the apparatus, or from the work and labor performed and material furnished by the builders in the erection thereof, or whether it had added any value to the original plant, is erroneous.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Lippitt & Lippitt, for Appellant.

Nowlin & Fassett, and Aylett R. Cotton, for Respondent.

VAN DYKE, J.—The complaint in this case contains two counts. The first declares upon a contract in writing alleged to have been entered into between Harvey J. Lewelling and Stephen W. Van Syckel, partners in business under the name and style of Lewelling & Van Syckel, and the defendant gas company, August 20, 1896. It is alleged that by the terms of said contract Lewelling and Van Syckel agreed to build and erect certain water gas apparatus at the gas works of said defendant, in Petaluma, California, for the purpose of manufacturing gas from crude oil or distillate, by a process known as the Van Syckle Water Gas System, the work to be "done and the materials to be furnished at the expense of the said Lewelling & Van Syckel, and the plant to have a capacity of three thousand cubic feet per hour of twenty-two to twenty-three candle-power gas," for which it is alleged that the defendant agreed to pay said Lewelling & Van Syckel the sum of four thousand dollars, and it is further alleged that the said Lewelling & Van Syckel constructed said gas plant according to the terms of said agreement, and that thereafter, and before the bringing of the suit, they assigned to plaintiff all their right, title, and interest in said contract, and that no part of the contract price had been paid.

The second count is in the nature of a *quantum meruit* for work, labor, and services performed, and for materials furnished by said Lewelling & Van Syckel to and for the defendant in the erection and construction of a water gas apparatus at the gas works of said defendant, the reasonable value of which work, labor, and materials it is alleged is the sum of four thousand dollars.

The court found, among other things, that the said S. W. Van Syckel, on the thirty-first day of July, 1896, purchased of

I. G. Wickersham, then the owner thereof, all the stock of the said Petaluma Gas Company, except five shares, for the sum of sixteen thousand five hundred dollars, paying thereon the sum of one thousand dollars, and giving his note for the balance, payable in two years at six per cent interest; that to secure the payment of the said note said S. W. Van Syckel transferred the said stock to I. G. Wickersham, and agreed as a further security for the payment thereof to erect and attach to the said plant of the said Petaluma Gas Company his water gas system; that while said Van Syckel was so the owner of the stock of said gas company as aforesaid, the defendant entered into the agreement set out in the plaintiff's complaint, with Van Syckel & Lewelling, to construct the said water gas system; that the said Van Syckel neglecting to pay said indebtedness to said Wickersham, the said property subsequently reverted to the said Wickersham, the former owner thereof.

From the record it appears that at the trial of the cause the written contract referred to was introduced on behalf of the plaintiff, showing that the same was executed by Lewelling & Van Syckel, as one of the parties thereto, and the Petaluma Gas Light Company, by S. W. Van Syckel, president, and F. A. Wickersham, secretary, as the other party thereto.

It is set forth in the appellant's opening brief, and not controverted by respondent, that after the cause had been submitted to the court upon argument, the court below held the written contract to be invalid, it appearing to have been executed by Van Syckel as president of the defendant company, on the one part, with himself and Lewelling as parties of the other part; but the court nevertheless found that Lewelling and Van Syckel finished and completed the gas plant according to the terms of the agreement mentioned in the first cause of action pleaded in said complaint. It also found that within two years next prior to the commencement of the action the defendant became indebted to Lewelling & Van Syckel in the sum of four thousand dollars, for work, labor, and services performed by them in the erection and construction of the water gas apparatus at the gas works of the defendant, and for material furnished by said Lewelling & Van Syckel in and about said work, at the special instance and request of said defendant;

that the sum of four thousand dollars is the reasonable value of said work and labor and materials so furnished. From the judgment entered in favor of the plaintiff on said findings, and from an order denying defendant's motion for a new trial, this appeal is taken.

The court was clearly correct in holding that, for the reason stated, the contract introduced in evidence on the part of the plaintiff was invalid. Being president of the defendant corporation, Van Syckel necessarily was one of the directors thereof (Civ. Code, sec. 308); and as such he occupied a fiduciary relation to the corporation and its stockholders. "A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner." (Civ. Code, sec. 2229.) He cannot take part in any transaction in which he, or anyone for whom he acts, has an interest, present or contingent, adverse to that of his beneficiary. (Civ. Code, sec. 2230.) In fact, this rule did not have its origin with the codes, but is much older. It is against public policy to permit any person occupying fiduciary relations to be placed in such a position that he may be tempted to betray his duty as a trustee. "Hence the rule is unyielding that a trustee shall not, under any circumstances, be allowed to have any dealings with the trust property, with himself, or acquire any interest therein. Courts will not permit any investigation into the fairness or unfairness of the transaction, or allow the trustee to show that the dealing was for the best interest of the beneficiary." (*Wickersham v. Crittenden*, 93 Cal. 29.) In *Aberdeen Ry. Co. v. Blaikie*, 1 Macq. 461, it is said: "So strictly is this principle adhered to that no question is allowed to be raised as to the fairness or unfairness of the contract so entered into. It obviously is, or may be, impossible to demonstrate how far, in any particular case, the terms of such a contract have been the best for the interests of the *cestui que trust* which it was possible to obtain. It may sometimes happen that the terms on which a trustee has dealt, or attempted to deal, with the estate or interests of those for whom he is a trustee have been as good as could be obtained from any other person; they may even at the time have been better, but still, so inflexible is the rule that no inquiry on that subject is permitted." (See, also, Cook on Stock and Stockholders, sec. 648; Morawetz on Private

Corporations, sec. 516; *Graves v. Mono etc. Min. Co.,* 81 Cal. 303; *Berka v. Woodward,* 125 Cal. 119.[1])

The written contract being out of the way, the question was not whether Lewelling & Van Syckel completed the gas plant according to the terms of that agreement, as there was no such agreement in law in existence, but the real question was, what work and labor was performed and materials furnished for the company of which it received the benefit, and what the value thereof was, without regard to any express contract. The plaintiff could not recover on the written contract, but he might recover as upon a *quantum meruit,* for what the defendant actually received in value. But the evidence does not support the finding that the plant was finished according to the contract. By the terms of that contract the plant was required to have a capacity of three thousand cubic feet per hour, of twenty-two to twenty-three candle-power gas. Van Syckel, on behalf of the plaintiff, testified that it required two hours to heat the plant so that it would make gas, and then it would make from one thousand to two thousand feet until heated again. "The ordinary make, however, was from one thousand to fifteen hundred feet." Lewelling, also on behalf of the plaintiff, testified: "I know the capacity of the machine per hour. It is inside the amount stated in the countract." He says on cross-examination that he "tested the capacity and found that it would make from one thousand to fifteen hundred feet of gas per hour; that he saw it make that amount of gas two or three times." Mr. Cheffins, witness for the plaintiff, who had charge of the plant, testified that some days it would make three thousand feet, and sometimes less, taking fourteen to fifteen gallons of oil per thousand feet. William Mills, witness for the defendant, who had charge of the plant from the first, testified that it would not make three thousand feet per hour. This is the substance of the testimony in reference to the capacity of the plant constructed by plaintiff's assignors, from which it is seen that it does not support the finding referred to.

There is no testimony whatever introduced showing the amount of work and labor, either in number of days or value of services, or the amount and value of materials furnished. The case seems to have been tried entirely upon the theory.

[1] 73 Am. St. Rep. 31.

of the validity of the written contract, as the testimony intro-
duced related to that only, and not to that of the second count
on the *quantum meruit.*   Defendant's attorneys sought to ob-
tain testimony in reference to the value of the plant as con-
structed, and asked the following question of the witness Mills:
"Has this plant been any addition to the original plant for mak-
ing gas, or adds anything to the value of that plant?"   This
was objected to by the plaintiff as being irrelevant, incompe-
tent, and immaterial, and the objection was sustained.   Defend-
ant further sought to ascertain which machine—the old or the
new one—would make the best and cheapest gas, and the same
objection and ruling were had thereon as to the other question.
If the question before the court was whether the written con-
tract had been performed or not, the objections were properly
sustained; but if it was whether the defendant had received any
benefit from the work and labor performed or material fur-
nished, the questions were proper and the answers thereto should
have been allowed.

The finding that the defendant became indebted to Lewelling
& Van Syckel in the sum of four thousand dollars on account
for work and labor performed and materials furnished in the
erection and construction of water gas apparatus, and the fur-
ther finding that the sum of four thousand dollars is the rea-
sonable value of said work, labor, and material furnished by
said Lewelling & Van Syckel to the defendant, have not, nor
has either, any support in the evidence.

Judgment and order reversed.

Temple, J., and Harrison, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment.
I concur, also, in the opinion of Mr. Justice Van Dyke, except
that part of it in which is discussed the general proposition that
a trustee cannot deal with his beneficiary.   In my opinion, the
rule is stated too broadly.   I think that, under the rule, the
contract here involved was invalid; but the law as declared in
the opinion would exclude exceptions which have been often
sanctioned.

Garoutte, J., concurred with McFarland, J.

Rehearing denied.