[Civ. No. 3035. First Appellate District, Division One.—August 19, 1919.]

## HIGHLAND PARK INVESTMENT COMPANY (a Corporation), Respondent, v. R. D. LIST et al., Appellants.

[1] CORPORATIONS—OFFICE OF DIRECTORS—NATURE AND INCIDENTS OF TRUST.—The directors of a corporation hold a fiduciary relation to the stockholders, and have been intrusted by them with the management of the corporate property for the common benefit and advantage of each and every stockholder, and by their acceptance of this office they preclude themselves from doing any act or engaging in any transaction in which their private interest will conflict with the duty they owe to the stockholders, and from making any use of their power or of the corporate property for their own advantage.

[2] ID.—RIGHT TO DEAL IN TRUST PROPERTY—FAIRNESS OF TRANS-
ACTION IMMATERIAL.—A trustee shall not, under any circum-
stances, be allowed to have any dealings in the trust property
with himself, or acquire any interest therein. Courts will not
permit any investigation into the fairness or unfairness of the
transaction, or allow the trustee to show that the dealing was for
the best interest of the beneficiary, but will set the transaction
aside, at the mere option of the *cestui que trust.*

[3] ID.—SECRET PROFITS — RIGHT TO RETAIN — RIGHT TO CONTRACT
WITH SELF.—Any secret profit obtained by the president or a
director of a corporation by reason of any violation or disregard
by him of any obligations incident to the fiduciary or *quasi*-trust
relations that he occupies toward the corporation and its stock-
holders cannot be retained by him but must be accounted for to
the corporation. He may not on behalf of the corporation con-
tract with himself as an individual, which of course includes con-
tracting with others with whom he has an interest, without the
full knowledge and approval of the corporation.

[4] ID.—ACTION TO RECOVER SECRET PROFIT—PURCHASE OF LOTS BY
DEFENDANT—KNOWLEDGE OF PLAINTIFF'S INTENTION TO PURCHASE
—FINDING—EVIDENCE.—In this action to recover a sum of money
alleged to have been secured by defendant as a secret profit upon
a sale of certain lots of land to plaintiff corporation, the finding
of the trial court that prior to the date on which the defendant
purchased the lots the defendant had knowledge that the plain-
tiff desired and intended to purchase them, is fully supported by
the evidence.

[5] ID.—DISCOVERY OF FRAUD—FINDING—EVIDENCE—DUTY TO SEARCH
PUBLIC RECORDS.—In this action to recover a sum of money
alleged to have been secured by defendant as a secret profit upon
a sale of certain lots of land to plaintiff corporation, there was
ample evidence to support the finding of the trial court that the
fraud practiced by the defendant on the plaintiff corporation was
not discovered by its officers or directors until a given date. The
recording of the deed to the defendant did not give notice to the
corporation of the fraud. There was no duty resting upon the
corporation, or any of its members, to examine the public records
of the county, nor to anticipate nor to suspect that the defendant
would, or even that he was intending to, perpetrate fraud upon
the corporation.

[6] ID.—DUTY TO MAKE INQUIRY—FAILURE TO TAKE ADVANTAGE OF
MEANS OF KNOWLEDGE—NEGLIGENCE.—Where no duty is imposed
by law upon a person to make inquiry, and where under the cir-
cumstances a prudent man would not be put upon inquiry, the

mere fact that the means of knowledge are open to a plaintiff and he has not availed himself of them does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that the inquiry becomes a duty and the failure to make it a negligent omission.

[7] ID.—WHEN FRAUD CONSUMMATED—DATE OF BRINGING ACTION—STATUTE OF LIMITATIONS.—In this case, the fraud was consummated by the execution and delivery of the deed by the defendant and his wife to the plaintiff corporation on the thirty-first day of August, 1908, assuming that it was delivered on the date of its execution and acknowledgment, and as the action to recover the secret profit was commenced on August 31, 1911, it was brought within the statutory time of three years, even though the corporation had knowledge from the date of the consummation of the fraud.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodrich & Martinson and Tobias R. Archer for Appellants.

Meserve & Meserve and Paul M. McPherrin for Respondent.

WASTE, P. J.—This is an appeal from a judgment in favor of the plaintiff, after the second trial, the case having once before been before the appellate court. (*Highland Park Inv. Co.* v. *List,* 27 Cal. App. 761, [151 Pac. 162].)

The action was brought to recover a sum of money alleged to have been secured by appellant R. D. List as a secret profit upon a sale of certain lots of land to plaintiff corporation. The facts are fully and succinctly stated in the opinion of the court on the former appeal, and do not need to be repeated.

[1] "The directors of a corporation hold a fiduciary relation to the stockholders, and have been intrusted by them with the management of the corporate property for the common benefit and advantage of each and every stockholder, and by their acceptance of this office they preclude themselves from doing any act or engaging in any transaction in which their private interest will conflict with the duty they owe to the stockholders, and from making any use of their power or of the corporate property for their own advantage. . . . [2] For the reason that it is against public policy to permit per-

sons occupying fiduciary relations to be placed in such a position that the influence of selfish motives may be a temptation so great as to overpower their duty and lead to a betrayal of their trust, the rule is unyielding that a trustee shall not, under any circumstances, be allowed to have any dealings in the trust property with himself, or acquire any interest therein. Courts will not permit any investigation into the fairness or unfairness of the transaction, or allow the trustee to show that the dealing was for the best interest of the beneficiary, but will set the transaction aside, at the mere option of the *cestui que trust.''* (*Wickersham* v. *Crittenden,* 93 Cal. 17, 29, [28 Pac. 788, 790] ; *Sims* v. *Petaluma Gas Light Co.,* 131 Cal. 659, [63 Pac. 1011] ; *Pacific Vinegar Works* v. *Smith,* 145 Cal. 352, 366, 367, [104 Am. St. Rep. 42, 78 Pac. 550].)

[3] "It is well settled that any secret profit obtained by the president or a director of a corporation by reason of any violation or disregard by him of any obligations incident to the fiduciary or quasi-trust relations that he occupies toward the corporation and its stockholders cannot be retained by him, but must be accounted for to the corporation. . . . It is universally held as a consequence of this doctrine that he may not on behalf of the corporation contract with himself as an individual, which of course includes contracting with others with whom he has an interest, without the full knowledge and approval of the corporation." (*Western States Life Ins. Co.* v. *Lockwood,* 166 Cal. 185, 190, 196 [135 Pac. 496, 498].)

The decision of the appellate court on the former appeal is in full accord with these authorities, and establishes the law of this case, with which, on the facts before us, we are in full accord.

When the decision of the lower court in the first trial of the case was reversed on appeal (*Highland Park Inv. Co.* v. *List, supra*), it was on the ground, solely, as we read the decision, that one of the essential findings of fact was not sustained by the evidence. That finding of fact was, in substance, that, prior to August 25, 1908, the date of the meeting of the directors of the plaintiff corporation, authorizing the purchasing of the Withington lots, appellant R. D. List learned that the directors of the corporation would vote for the purchase of said lots for the price of eight thousand dol-

lars, and that thereupon, without disclosing the fact to his fellow-directors, List purchased the lots, taking the title in his wife's name at a less price, and, without disclosing to the corporation that he had so purchased them, completed the transaction for transfer at the price of eight thousand dollars, to the corporation, thereby reaping a profit of $3,326.

The judgment sought and recovered in the case, and based on the findings made at the first trial, was not one of rescission. The corporation elected to retain what it had received from List, and to secure from him the profits which he had made on the sale of the land.

Considering the findings, and the judgment entered in the case, the appellate court said: "There is no doubt but that such a judgment would have been proper were it shown that while the board of directors, of which List was one, was negotiating for the purchase of this property, List secretly obtained title thereto and thereupon resold the property to the company, making a profit thereon. The evidence as it is set out in the transcript does not show that the directors had taken up the matter of the purchase of these particular lots prior to the meeting of August 27, 1908. It appeared without dispute that List had purchased the lots five days prior to this time. None of the witnesses, directors, and stockholders of plaintiff corporation testified to having talked with List regarding the desire of the corporation to purchase the lots prior to the day upon which the directors' meeting was held at which the resolution authorizing the purchase was adopted. Upon this state of the evidence, the legal situation presented is no different than had it appeared that List had become the owner of the lots thirty or ninety days, or more, prior to the twenty-seventh day of August. . . . The facts and circumstances shown in evidence do not support the findings as to the essential matters indicated herein." (*Highland Park Inv. Co.* v. *List, supra.*)

The judgment recovered in the lower court on the first trial and again on the second trial, from which judgment this appeal is taken, was the proper form for a judgment in such a case. "The plaintiff corporation was simply seeking to recover such profits as were made by one of its officers in a transaction wherein he was forbidden to make any such secret profits, which profits, in view of the rules we have discussed, belonged to the corporation." (*Western States Life Ins.*

*Co.* v. *Lockwood, supra; Ex-Mission Land & Water Co.* v. *Flash,* 97 Cal. 636, [32 Pac. 600].)

[4]   On the retrial, the judgment in which is the basis of this appeal, the plaintiff introduced evidence curing the defect in the first trial, pointed out by the court of appeal, and the record now amply shows that List, prior to August 27, 1908, the date on which he purchased the lots, had knowledge that the corporation desired and intended to purchase the property. The finding of the trial court to that effect is fully supported by the evidence.

[5]   The trial court found that the fraud practiced by defendant R. D. List on the plaintiff corporation was not discovered by any of its officers or directors until the month of April, 1909. There is ample evidence to sustain this finding, and the finding itself does not appear to be attacked except upon the theory that the recording of the deed from Withington to List on August 27, 1908, gave notice to the corporation of the fraud. There was no duty resting upon the corporation, or any of its members, on August 27th, to examine the public record of Los Angeles County, nor to anticipate nor to suspect that List would, or even that he was intending to, perpetrate fraud upon the corporation.

[6]   '' Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances 'a prudent man' would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff and he has not availed himself of them does not debar him from relief when thereafter he shall make actual discovery. The circumstances must be such that the inquiry becomes a duty and the *failure to make it a negligent omission. (Bank of Mendocino* v. *Baker,* 82 Cal. 114, [6 L. R. A. 883, 22 Pac. 1037] ; *Prouty* v. *Devin,* 118 Cal. 258, [50 Pac. 380].)   In this case, though means of information were open to the plaintiff, it does not appear that there was any duty devolving upon him to make use of them. Nothing had occurred to excite his suspicion, or to put him upon inquiry, and for these reasons, under the facts of this case, we think the finding of the court sufficient and sufficiently supported by the evidence.''   (*Tarke* v. *Bingham,* 123 Cal. 166, [55 Pac. 760].)

[7] The fraud was consummated by the execution and delivery of the deed by List and wife to the corporation on the thirty-first day of August, 1908, assuming that it was delivered on the date of its execution and acknowledgment. The present action was commenced on August 31, 1911. It was, therefore, brought within the statutory time of three years, even though the corporation had knowledge from the date of the consummation of the fraud. There is no merit in the appeal. We do not feel it necessary to further discuss the matters raised in the supplemental briefs filed by the appellants.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 18, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 16, 1919.

All the Justices concurred.