[Civ. No. 18595. First Dist., Div. One. Oct. 20, 1959.]

ORINDA-COUNTY FIRE PROTECTION DISTRICT, Appellant, v. FREDERICKSON AND WATSON COMPANY (a Corporation) et al., Defendants; COUNTY OF CONTRA COSTA, Respondent.

Tinning & DeLap and Robert Eshleman for Appellant.

Carlson, Collins, Gordon & Bold and Dean S. Ormsby for Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment entered upon an order sustaining demurrer without leave to amend.

## QUESTION PRESENTED

Is the county estopped to claim noncompliance with the claims statute?

## RECORD

Under the well known rule, this court, in testing the sufficiency of the complaint, must assume that all the facts therein alleged are true. The complaint alleges that plaintiff is a county fire protection district of the county of Contra Costa, organized under section 14400 et seq., Health and Safety Code, and governed by the board of fire commissioners appointed by the board of supervisors; that prior to the happening of the flood damage the defendants Frederickson and Watson Company, a corporation, et al., and the county of Contra Costa were engaged in the construction and reconstruction of Orinda By-Pass; that defendant company was maintaining the highway and the channel of San Pablo Creek in a dangerous and defective condition in that the highway blocked the flow of water in the creek. The damage resulted when waters were thereby diverted from the channel onto plaintiff's property on three specified dates, inundating it with debris and mud and causing damage in the amount of $12,500. Additionally, properties of plaintiff's employees were damaged in the sum of $708.54. These employees assigned to plaintiff their claims.[1] Claims were filed with the

---

[1]The answer of defendants Frederickson & Watson Co. et al. alleged that the damage was solely the county's responsibility. Said defendants are not parties to this appeal.

board of supervisors. The time of filing will be discussed later. The county demurred generally.

### ESTOPPEL[2]

██ Defendant contends that plaintiff's failure to file a claim against the county within 90 days of the floods as required by section 53052, Government Code, is fatal. Plaintiff contends that the circumstances of this case bring it within the rule of *Dettamanti* v. *Lompoc Union School Dist.*, 143 Cal.App.2d 715 [300 P.2d 78], and *Farrell* v. *County of Placer*, 23 Cal.2d 624, 630-631 [145 P.2d 570, 153 A.L.R. 323], which held that the filing of a claim against the county within the period of time specified by the claims statute is not jurisdictional but procedural, and that a county by its own acts may be estopped to raise the defense of failure to file claim within time.

██ The complaint alleges that within 90 days of the happening of the damage plaintiff reported the damage to the board of supervisors and the district attorney who was plaintiff's legal counsel as well as counsel for the county, but the board and the district attorney advised plaintiff that the responsibility lay with the contractor, and took no action against the contractor. The latter maintains that the county alone is at fault. May 13, 1958, the board of supervisors authorized plaintiff to proceed independently of the district attorney. July 28, verified claims were filed with the board, which denied them. The claims were filed within 90 days of the board's authorization to proceed without the district attorney but some six months after the first damage occurred

---

[2]The county in the trial court, and originally in its brief in this court, contended that the district had no capacity to sue as it was not a legal entity separate from the county and had no legal capacity to sue the county. In *Johnson* v. *Fontana County Fire Protection Dist.* (1940), 15 Cal.2d 380 [101 P.2d 1092], it was held that a fire protection district is a legal entity separate from its county and subject to suit. Subsequent to the trial of this action and the filing of the county's brief on appeal, it was held in *Firestone Tire & Rubber Co.* v. *Board of Supervisors*, 166 Cal.App.2d 519 [333 P.2d 378] (hearing denied by Supreme Court February 18, 1959) that a fire protection district is a municipal corporation, a legal entity separate from the county and amenable to liability under section 400, Vehicle Code. At oral argument respondent county conceded that in view of those cases, particularly the Firestone Tire case, appellant district has the capacity to sue the county in this action, and withdrew its contention that the district had not the legal capacity to bring this suit. For that reason we deem it unnecessary to discuss that contention further.

and approximately three and a half months after the last damage occurred. Section 26520, Government Code, provides: "When required and without fee, the district attorney shall give his opinion in writing to county and district officers on matters relating to the duties of their respective offices." Whether or not the district attorney is the attorney for the district generally, as plaintiff contends, or, as defendant contends, is merely required to advise the district officers when called upon, is immaterial. He is the district's attorney at least to the extent of advising when, as here, called upon. Certainly advising the officers whether or not the district had a legal claim for damages done to the property of the district is required by the section. The district had a right to rely on his advice. He was also the attorney for the county, and while mistaken in his interpretation of the law, he unintentionally caused the district to believe that it had no cause of action against the county. According to the complaint the board of supervisors gave the district the same advice. It was thereby lulled by the two agencies upon which it had a right to rely into nonaction. The situation is somewhat analogous to that in *Farrell* v. *County of Placer, supra,* 23 Cal.2d 624, 630-631. In that case, the plaintiff gave the county representatives a complete statement concerning the accident causing the damage. Those representatives advised the plaintiff not to employ counsel and to wait until she knew the extent of her injuries. These facts were held sufficient to estop the county from contending that the claim was not filed in time. The court pointed out that before the time for filing the claim had expired the county had obtained a full statement from the plaintiff concerning the accident enabling them to investigate it fully, and that the advice of the county representatives lulled the plaintiff into a sense of security and caused her not to avail herself of legal assistance. In our case, the county had full information concerning the damage claimed before the time to file claims expired, and plaintiff was told, in effect, by the county's representatives, that the filing of a claim would be useless as the county was not liable.

*Dettamanti* v. *Lompoc Union School Dist., supra,* 143 Cal.App.2d 715, is even more analogous to the situation here. There a deputy district attorney, having the legal duty to represent the defendant school district, accepted employment as representative of the claimant and failed to advise the

claimant of the necessity of filing a verified claim against the district. These facts were held to estop the district from raising the defense of the failure to file the claim on time. Here we have the same dual representation. No fault should be charged to the district attorney in our case. He performed his duty in advising the district on a question never theretofore decided, as best he could. The fact that it turns out that his advice given, in good faith was erroneous, cannot be charged against him. However, his actions and those of the board constitute an excuse for the claims not having been filed on time, and require that the county be estopped from raising the defense of failure to file the claims on time.

The complaint stated a cause of action against the county. The demurrer was erroneously sustained. The judgment is reversed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

* Assigned by Chairman of Judicial Council.