### PEOPLE OF the STATE OF CALIFORNIA, Plaintiff,

v.

### Wallace Keith LARKIN et al., Defendants.

### No. C–74–2516 RFP (SJ).

United States District Court, N. D. California.

Jan. 20, 1976.

James R. Schwartz, Deputy Atty. Gen., San Francisco, Cal., for plaintiff.

John M. Ottoboni, Ruffo, Ferrari & McNeil, San Jose, Cal., for defendants Larkin, Larkin Aircraft and Kay Foundation.

Douglas M. Schwab, and Andrew M. Colvin, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendant Wells Fargo Bank National Ass'n.

William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., for federal defendant Small Business Administration.

MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

This is an action by the California Attorney General to enforce the provisions of a charitable trust. Named as defendants are Kay Foundation, the charitable trust; Wallace Keith Larkin and Cynthia Larkin ("Larkins"), trustees of Kay Foundation; Larkin Aircraft Corporation, a closely-held corporation owned by Wallace Keith Larkin; Wells Fargo Bank, National Association ("Bank"); and the Small Business Administration and Thomas S. Kleppe, its Administrator ("Federal defendants"). We are called upon in this case to define the fiduciary obligations of trustees of a charitable corporation and the liability of third persons who acquire assets formerly held in trust.

## I. FACTUAL BACKGROUND

Kay Foundation is a tax-exempt, non-profit California corporation founded in 1962 for charitable purposes. In 1966, upon receipt of 20,000 shares of stock (valued at approximately $1,000,000), Kay Foundation commenced the administration of a series of ranches for homeless and underprivileged children.[1] Included in the Foundation's assets was a ranch situated in Calveras County; the purchase price of the real property was approximately $100,000, while improvements on the ranch have totaled from $200,000 to $300,000.

Since its inception, Kay Foundation has been entirely funded and controlled by defendants Wallace Keith and Cynthia Larkin. In addition, Wallace Keith Larkin owns a closely-held, profit company, Larkin Aircraft Corporation ("Larkin Aircraft"). In October, 1971, Larkin applied for a $320,-000 loan from the Bank for the purpose of continuing research and development on Larkin Aircraft. The Bank conditioned grant of the loan on Larkins' securing a guaranty from the Small Business Administration; the Small Business Administration conditioned furnishing a guaranty upon Larkins' providing collateral for the loan. Accordingly, in November, 1971, Larkins, acting on behalf of Kay Foundation, executed a loan guaranty, standby creditors' agreement and first deed of trust on the Kay Foundation real property in Calveras County, as collateral for the Bank loan to Larkin Aircraft.

In October, 1973, plaintiff filed the present suit in Santa Cruz Superior Court, claiming that hypothecation of the Calveras County property constituted a breach of trust. In April, 1974, after Larkins had defaulted on their loan, the Small Business Administration paid $220,474 to the Bank in satisfaction of its guaranty obligation. Small Business Administration now holds a first deed of trust on the disputed property in Calveras County. Seeking to recover the property for Kay Foundation, plaintiff joined as defendants the Small Business Administration and its Administrator, Thomas S. Kleppe, in the Santa Cruz action on October 17, 1974. On December 2, 1974, Federal defendants removed the action to this court.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

Presently before the court are cross motions for summary judgment filed on behalf of plaintiff and the Federal defendants.[2] These motions, which relate only to the ninth cause of action, focus on the proper disposition of the Calveras County property.[3] Plaintiff seeks a judicial decla-

1. The Amended Articles of Incorporation of Kay Foundation specify the Foundation's purpose as "the purchase, construction, maintenance, and support of a series of ranches for poor, homeless children anywhere in the United States."

2. A third motion for summary judgment was filed on behalf of the Bank on September 29, 1975. By letter dated December 23, 1975, counsel for the Bank advised the court that plaintiff and the Bank had agreed upon a settlement and that Bank desired to withdraw its motion. We, therefore, will consider only those points raised in Bank's moving papers which relate to the present motions.

3. In the complaint, plaintiff requests, in addition to the constructive trust remedy: (1) an accounting of Foundation's financial activities, (2) recovery of misappropriated trust assets, (3) removal and surcharge of the trustees, and (4) a permanent injunction against further incumbrance of trust property. In view of the

ration impressing the property with a constructive trust for the benefit of Kay Foundation; Federal defendants seek a judicial declaration of valid title to the land.

Plaintiff argues in essence that hypothecation of trust assets to secure a private note for the trustee constituted a *per se* breach of trust; that Federal defendants knew of the trust status of the Calveras County property, and further knew that the loan sought by Larkins was contemplated for unrelated, profit-motive uses; and that, accordingly, Federal defendants knew or should have known that pledge of the ranch as collateral for a private loan was in breach of trust. In light of this knowledge, contends plaintiff, Federal defendants do not hold the status of good faith purchasers for value, and their rights are, therefore, subordinate to those of the charitable beneficiaries. Federal defendants dispute that the hypothecation of trust assets constituted a breach of trust, and further claim that since they are purchasers in good faith for value, their acquisition of the property cuts off any rights of the charitable beneficiaries.

From this summary, it appears that the cross motions for summary judgment raise two basic issues:

(1) Did the hypothecation of Kay Foundation assets as security for a loan to Larkin Aircraft constitute a breach of fiduciary duty?

(2) Are Federal defendants holders of the property in good faith, or, are Federal defendants, after accepting a deed of trust on the property with knowledge of its trust character, constructive trustees of the property?

A. *Hypothecation of Kay Foundation assets constituted a breach of trust.* In opposition to plaintiff's contention that hypothecation of Foundation assets to secure a private loan constituted a *per se* breach of trust, defendants[4] claim that Larkins' good faith in pledging the Calveras County property provides a defense to this action. Defendant Larkin testified at his deposition, and his counsel strenuously urged at oral argument, that Larkins' purpose in funding research for Larkin Aircraft was to generate profits which could be rechanneled into Kay Foundation. Plaintiff claims that under California law, good faith is irrelevant in an action for breach of fiduciary duty. We agree.

California has enacted by statute a strict code of fiduciary obligation. Section 2229 of the California Civil Code provides:

A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner.

California courts have stringently enforced this statutory ban against self-dealing by fiduciaries. *Purdy v. Johnson*, 174 Cal. 521, 163 P. 893 (1917); *Wickersham v. Crittenden*, 93 Cal. 17, 28 P. 788 (1872). As early as 1901, the California Supreme Court held that good faith provided no defense to a trustee who had diverted trust assets for private purposes:

"A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner." (Civ.Code sec.

---

limited scope of the present motions, we do not need to determine whether any or all of these remedies are warranted under the facts of this case.

4. Although plaintiff's motion for partial summary judgment is directed only to Federal defendants, opposition papers have been filed by Larkins and Bank. In addition, Federal defendants have incorporated by reference certain arguments advanced in the moving papers filed in support of the Bank's motion for summary judgment. Since the Bank is no longer a party to this litigation, and has withdrawn its motion,

we will not discuss these points in detail. The only argument relevant to the present motion is Bank's contention that the trust is presumed revocable under California Civil Code § 2280, and that Larkins therefore acted within the scope of their authority in withdrawing trust assets. We think this argument ignores both the express terms of the Foundation instrument and California revenue statutes requiring the assets of tax-exempt foundations to be irrevocably committed to charitable purposes. Revenue and Tax Code § 23701d; *Pacific Home v. County of Los Angeles*, 41 Cal.2d 855, 264 P.2d 544 (1953).

2229.) He cannot take part in any transaction in which he, or anyone for whom he acts, has an interest present or contingent, adverse to that of his beneficiary. (Civ.Code sec. 2230.) In fact, this rule did not have its origin in the codes, but is much older. It is against public policy to permit any person occupying fiduciary relations to be placed in such a position that he may be tempted to betray his duty as a trustee. "Hence the rule is unyielding that a trustee shall not under any circumstances be allowed to have any dealings with the trust property, with himself, or acquire any interest therein. Courts will not permit any investigation into the fairness or unfairness of the transaction, or allow the trustee to show that the dealing was for the best interest of the beneficiary." [Citations.] In *[Aberdeen] Railway Co. v. Blaikie*, 1 Macq. 461, it is said: "So strictly is this principle adhered to that no question is allowed to be raised as to the fairness or unfairness of the contract."

*Sims v. Petaluma Gas & Light Co.*, 131 Cal. 656, 659, 63 P. 1011, 1012 (1901).

These principles have been consistently reaffirmed. *Lynch v. Jon M. Redfield Foundation*, 9 Cal.App.3d 293, 88 Cal.Rptr. 86 (1970); *Dettamoni v. Lompoc Union High School District*, 143 Cal.App.2d 715, 300 P.2d 78 (1956); *Estate of Howard*, 133 Cal.App.2d 535, 284 P.2d 966 (1955). *See also*, 2 *Scott on Trusts* § 170 (3d Ed.1967); *Restatement (Second) of Trusts* § 170 (2d Ed.1959); Fremont-Smith, "Duties and Powers of Charitable Fiduciaries: The Law of Trusts and the Correction of Abuses," 13 U.C.L.A.L.Rev. 1041, 1045 (1966); Scott, "The Fiduciary Principle," 37 Calif.L.Rev. 539 (1937).

We recognize the policy arguments implicit in the opposition papers filed in this case. Federal defendants and the Bank essentially argue for flexibility in the ad-

ministration of trusts; Larkins suggest that overly-zealous enforcement of fiduciary obligations against philanthropists may ultimately work a disservice on the public by drying up sources of private giving. These arguments are properly directed to the California Legislature, which, in enacting the blanket prohibition of section 2229, has apparently rejected them. We note in passing that the legislative judgment is not unreasonable, and may reflect a determination that the risks inherent in gambling with foundation assets, and the administrative cost of policing such transactions, outweigh the potential benefits to the trust.[5]

In the present case, Larkins pledged the Calveras County ranch—held in trust by Kay Foundation, which had spent $200,000 to $300,000 in purchasing and improving the property—to secure a loan to their private corporation. Under Civil Code section 2229, this constitutes a prohibited transaction. Our inquiry stops here: section 2229 neither requires nor permits us to adjudicate the trustees' motives in hypothecating trust assets. Correspondingly, our ruling imposes no stigma on the trustees. We hold only that hypothecation of Kay Foundation assets constitutes a breach of trust under California's strict rules of fiduciary duty.

B. *Federal defendants are not holders in good faith.* Federal defendants claim that, even if the hypothecation of trust assets constituted a breach of fiduciary duty, their title to the Calveras County ranch is superior to that of the charitable beneficiaries. Federal defendants base their right to the property on California Civil Code section 2243, which provides:

Everyone to whom property is transferred in violation of a trust, holds the same as an involuntary trustee under such trust, *unless he purchased it in good faith, and for a valuable consideration.* (Emphasis added.)

---

5. See Troyer, "The Treasury Department Report on Private Foundations; A Response to Some Criticisms," 13 U.C.L.A.L.Rev. 965, 974 (1966): "The question which lies at the heart of the self-dealing issue is not whether abuses beyond the capacity of present [federal reve- nue] law are widespread, but whether charity derives sufficient positive advantages from the availability of self-dealing to warrant the administrative costs which such actions, abusive or not, entail."

There is (and can be) no dispute that by guaranteeing the Bank's loan of $320,000, Federal defendants satisfied the requirement of "valuable consideration." The issue on the present motion centers on the interpretation of the statutory term "good faith." Federal defendants contend that they acquired the property in good faith because (1) they derived no profit from the transaction, and (2) they believed that Larkins had authority to execute a deed of trust on Kay Foundation assets. Plaintiff claims that Federal defendants had actual knowledge that the proposed collateral was an asset of a charitable foundation, and that Federal defendants, therefore, had constructive knowledge that the transfer was in breach of trust. Thus, claims plaintiff, Federal defendants were not acting in good faith within the meaning of section 2243 in obtaining a deed of trust on the disputed property.

The statutory term "good faith" does not mean absence of evil motive, or, as here, absence of profit; rather, the critical factor is absence of knowledge. California courts have consistently rejected "good faith" defenses under section 2243, where the transferee acquired property with knowledge of its trust character: a transferee with actual notice of the trust is put on constructive notice that the transfer is in breach of trust. Clothed with such knowledge, a transferee is not acting "in good faith" sufficient to defeat the rights of the trust beneficiaries. *Lathrop v. Branton*, 31 Cal. 17 (1866); *Lantz v. Stribling*, 130 Cal. App.2d 476, 481, 279 P.2d 112 (1955); *Allen v. Hussy*, 101 Cal.App.2d 457, 225 P.2d 274 (1950); *Lucas v. Associacao Protectora Uniao Madeirense do Estado da California*, 61 Cal.App.2d 344, 143 P.2d 53 (1943). *See also, Restatement (Second) of Trusts* § 288 (2d Ed.1959).

In the present case, Federal defendants' actual knowledge of the Foundation ownership of the Calveras County ranch is conclusively documented. In a report prepared for the Small Business Administration in October, 1971, the loan officer states:

. . . [T]he applicant would have no objection to this loan being guaranteed by Kay Foundation . . . In connection with the Kay Foundation, the writer learned that the organization was established by Mr. & Mrs. Larkin for the benefit of retarded children because one of their own children is so affected. The writer recognizes the humanitarian nature of the establishment of such a trust outside the new business venture which Mr. Larkin is involved in.

Plaintiff's Exhibit G.

Before entering into the three-way loan transaction, therefore, Federal defendants had actual knowledge that the collateral offered for the loan was a foundation asset. By the time they satisfied their guaranty obligation, they were on actual notice that the hypothecation might constitute a breach of trust: on January 18, 1974, a Small Business Administration officer recorded doubts about the legality of the transaction. (Plaintiff's Exhibits I, J.) Federal defendants, therefore, had actual notice of the charitable beneficiaries' rights in the Calveras County ranch; this evidence defeats their claim of superior title under Civil Code section 2243.

Accordingly, it is hereby ordered that:

1. Federal defendants' motion for summary judgment is denied;

2. Plaintiff's motion for partial summary judgment on the ninth cause of action is granted;

3. Defendants Small Business Administration and Thomas S. Kleppe are ordered to hold all assets of Kay Foundation presently in their possession as constructive trustees of Kay Foundation. These assets include the standby creditor agreement dated November 12, 1971, the loan guaranty agreement dated November 12, 1971, and the first deed of trust on the real property located in Calveras County, California, dated November 12, 1971. These assets are declared to be impressed with a constructive trust for the charitable purposes of Kay Foundation.

IT IS SO ORDERED.