[Civ. No. 13764. First Dist., Div. Two. Jan. 7, 1949.]

BRUCE BROWN, a Minor, etc., Appellant, v. SEQUOIA UNION HIGH SCHOOL DISTRICT, Respondent.

Jos. P. Lacey and Bullock, Wagstaffe & Daba for Appellant.

Wayne R. Millington for Respondent.

DOOLING, J.—In an action for personal injuries Bruce Brown, a student in Sequoia Union High School, after a jury trial recovered a judgment against the high school district. A motion for new trial was made and granted and plaintiff appeals from the order granting the new trial.

No claim was ever filed with the school district as required by section 1007 of the Education Code and one of the grounds on which the new trial was granted was "that there is no evidence to excuse the plaintiff from filing a verified claim subsequent to the expiration of the 90-day period and prior to the commencement of the action." The evidence shows that the respondent district was insured against liability pursuant to Education Code, section 1029, that after ap-

pellant's injury his oral claim for damages was referred to the insurance carrier, that representations were made that the claim would be settled and appellant need not employ an attorney but the claim was finally rejected a few days before the expiration of the 90-day period within which section 1007 required a verified claim to be filed. The facts appear to be sufficient to bring the case within the rule of *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323]. That case held that similar negotiations and representations were sufficient to estop the defendant counties from defending on the ground that no claim was filed *within the time* required by the statute. In the Farrell case, however, a claim was actually filed.

In our case no claim was ever filed. The case therefore falls squarely within the holding of *Johnson* v. *County of Fresno*, 64 Cal.App.2d 576 [149 P.2d 38] that while a public agency may be estopped to take advantage of a delay beyond the statutory period in the filing of a claim, estoppel cannot be relied upon to excuse the failure to file a claim at all.

Appellant further argues that since the respondent was insured and referred the matter to its insurance carrier for disposition no reason for the rule requiring the filing of a verified claim exists in this case. The statute makes no such exception to the requirement that a claim be filed and the courts cannot write one into it. (*Ghiozzi* v. *City of South San Francisco*, 72 Cal.App.2d 472, 476 et seq. [164 P.2d 902].)

The order granting a new trial is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 7, 1949. Edmonds, J., and Carter, J., voted for a hearing.