[Civ. No. 19877.   First Dist., Div. Three.   Dec. 11, 1962.]

GERALD BRUCE, a Minor, etc., Plaintiff and Appellant, v. JEFFERSON UNION HIGH SCHOOL DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent.

Leslie C. Gillen, Rodney H. Washburn and Richard H. Perry for Plaintiff and Appellant.

Keith Sorenson, District Attorney, Ropers, Majeski & Kane and Cyril Viadro for Defendant and Respondent.

SALSMAN, J.—Gerald Bruce, hereafter referred to as the plaintiff, brought this action by his guardian ad litem against the Jefferson Union High School District of San Mateo County, hereafter referred to as the defendant, to recover damages for personal injuries. Under Education Code section 1007, in effect at the time plaintiff's cause of action arose, a claim for damages against the defendant was required to be filed within 90 days of injury. Plaintiff did not file such a claim within 90 days, nor did anyone do so on his behalf. In his amended complaint plaintiff sought to plead an estoppel against the defendant, but the trial court sustained a general demurrer to the amended complaint without leave to amend further, and thereupon entered judgment for the defendant. Plaintiff's contention on this appeal is that his amended complaint stated facts sufficient to raise the issue of estoppel. We agree, and therefore reverse the judgment.

The amended complaint, here summarized, alleged: That during orientation week students were informed that the school maintained insurance; that any pupil who was injured must immediately report such injury to the school nurse; that failure to report would preclude compensation: that after reporting the school nurse would inform the injured pupil as to what, if anything, the pupil would be required to do; that after appellant's injury he was given emergency treatment by the school nurse and transferred to the hospital; that while at the hospital he was informed by the school nurse that he did not have to worry about anything; that after he returned to classes he reported to the school nurse and asked her about the accident, but that she would not discuss the accident other than to direct him to remain at home for one week; that after his return to classes, the teacher in the class in which he was injured would not talk about the accident, and that because he had complied with the school orientation on accidents, and was given no further instructions by school authorities, he made

no further inquiries and assumed that he had done everything required to establish a claim.

The amended complaint adequately informs the defendant of the facts upon which the plaintiff intends to rely, and contains the essential elements of an estoppel. When such is the case, the pleading is sufficient and not subject to general demurrer. (*Klein* v. *Farmer,* 85 Cal.App.2d 545, 554 [194 P.2d 106] ; *Burrow* v. *Carley,* 210 Cal. 95, 103, 104 [290 P. 577] ; 18 Cal.Jur.2d, Estoppel, § 13, p. 412.)

The essential elements of estoppel are false statements or concealments, or conduct amounting thereto, with reference to the transaction made by one who has actual or virtual knowledge of the facts, to another who is ignorant of the truth, with the intention, resulting in consummation, that the other should act on such false statements or concealments, or equivalent conduct. (*City of San Diego* v. *Cuyamaca Water Co.,* 209 Cal. 105, 137 [287 P. 475] ; 18 Cal.Jur.2d, 406 ; *Safway Steel Products, Inc.* v. *Lefever,* 117 Cal.App.2d 489 [256 P.2d 32].) Here the amended complaint discloses the essential elements of estoppel in that it alleges the facts of which defendant had knowledge ; the instructions given by defendant to pupils such as plaintiff and which were required to be followed in the event of an accident in order to gain compensation ; that plaintiff followed the instructions, was met with silence, and believed he had done everything required of him in order to establish his claim. Under the pleaded facts the defendant was under a duty to speak. When a party is under a duty to speak, and has an opportunity to do so, knowing the circumstances require it, an estoppel may arise from his silence. (*People* v. *Ocean Shore Railroad,* 32 Cal.2d 406 [196 P.2d 570, 6 A.L.R.2d 1179].)

In *Adams* v. *California Mut. Bldg. & Loan Assn.,* 18 Cal.2d 487, 488-489 [116 P.2d 75], the court said: "It is well settled that a person *by his conduct* may be estopped to rely upon these defenses. (Citations.) Where the delay in commencing action is induced by the conduct of *the defendant* it cannot be availed of by him as a defense. (Citations)." (Emphasis added.) One of the defenses relied upon in the Adams case was, in legal effect, the same as the defense here involved, namely, a statute of limitations. In *Dettamanti* v. *Lompoc Union School Dist.,* 143 Cal.App.2d 715 at 721 [300 P.2d 78], the court said: "The basis for an estoppel may be found in the failure of the party sought to be estopped to speak when he is under a duty to speak as well as in his speaking

falsely and in a manner which tends to deceive. The conduct of the party sought to be estopped must be examined in order to determine whether there was a breach of duty toward the party who claims to have relied upon the conduct. Silence, when there is a duty to speak, as well as affirmative assertions, may result in inexcusable deception.''

There can be no valid contention here that because the defendant is an agency of government it may not be estopped. While it is the general rule that a governmental agency, such as defendant, may not be estopped by the conduct of its officers and employees, there are instances in which an equitable estoppel will run, as, for example, where justice and right require it. (*Farrell* v. *County of Placer*, 23 Cal.2d 624, 627-628 [145 P.2d 570, 153 A.L.R. 323] ; *Times-Mirror Co.* v. *Superior Court*, 3 Cal.2d 309 [44 P.2d 547].)

The facts pleaded in plaintiff's amended complaint bring the case within the rules set out in the foregoing authorities. All of the facts upon which plaintiff relies for an estoppel are fully pleaded, and the defendant is put on notice of the specific grounds upon which plaintiff will rely at time of trial. The pleaded facts are clearly sufficient to require an answer from defendant, and it follows that the demurrer should have been overruled.

The defendant also filed a motion to strike various portions of the complaint. The motion was directed chiefly to those portions of the pleading which stated the facts upon which plaintiff relied for an estoppel. The demurrer and motion apparently were heard and submitted at the same time. The record does not reveal any ruling on the motion, although plaintiff devotes a good portion of his brief to the contention that the complaint is not subject to the motion, and asks us to so decide. We see no occasion to rule on this matter since the trial court did not. Doubtless the trial court, having determined to deliver its coup de grace to the complaint by sustaining the demurrer without leave to amend, thought it quite unnecessary to dismember the body by a ruling on the motion to strike. Since we reverse the judgment by our decision that the pleaded facts are sufficient to raise the issue of estoppel, a ruling on the motion is neither necessary nor appropriate.

Judgment reversed.

Draper, P. J., and Devine, J., concurred.