315 F.2d 306
 PUBLIC SERVICE COMPANY OF NEW MEXICO, Appellant,
v.
GENERAL ELECTRIC COMPANY et al., Appellees.
SOUTHWESTERN PUBLIC SERVICE COMPANY, Appellant,
v.
GENERAL ELECTRIC COMPANY et al., Appellees.
The TOWN OF FARMINGTON, NEW MEXICO, Appellant,
v.
ALLEN-BRADLEY COMPANY et al., Appellees.
CITY OF GALLUP, Appellant,
v.
GENERAL ELECTRIC COMPANY et al., Appellees.
ALLIS-CHALMERS MANUFACTURING COMPANY et al., Appellants,
v.
PUBLIC SERVICE COMPANY OF COLORADO et al., Appellees.
OHIO BRASS COMPANY et al., Appellants,
v.
PUBLIC SERVICE COMPANY OF COLORADO et al., Appellees.
ALLEN-BRADLEY COMPANY et al., Appellants,
v.
PUBLIC SERVICE COMPANY OF COLORADO, Appellee.
OHIO BRASS COMPANY et al., Appellants,
v.
HOME LIGHT AND POWER COMPANY, Appellee.
GENERAL ELECTRIC COMPANY et al., Appellants,
v.
CITY OF COLORADO SPRINGS, Appelle.
FEDERAL PACIFIC ELECTRIC COMPANY et al., Appellants,
v.
WESTERN POWER & GAS COMPANY, Appellee.
GENERAL ELECTRIC COMPANY et al., Appellants,
v.
SAN LUIS VALLEY RURAL ELECTRIC COOPERATIVE, INC., Appellee.
GENERAL ELECTRICE COMPANY et al., Appellants,
v.
COLORADO UTE ELECTRIC ASSOCIATION, Appellee.
BRIGHAM CITY CORPORATION et al., Appellants,
v.
GENERAL ELECTRIC COMPANY et al., Appellees.
PROVO CITY, Appellant,
v.
GENERAL ELECTRIC COMPANY et al., Appellees.
 Nos. 7140-7143, 7181-7188, 7211, 7212.
 United States Court of Appeals Tenth Circuit.
 March 15, 1963, Certiorari Denied June 10, 1963,
See 82 S.Ct. 1695.
 
 John B. Tittmann, Albuquerque, N.M., and Joseph L. Alioto, San Francisco, Cal., for appellants in Nos. 7140-7143, 7211 and 7212 and for appellees in Nos. 7181-7188.
 Ross L. Malone, Roswell, N.M., for appellees in Nos. 7140-7143, 7211 and 7212 and for appellants in Nos. 7181-7188.
 W. A. Keleher, Albuquerque, N.M., and Turner, White, Atwood, Meer & Francis, Dallas, Tex., were on the brief for appellant in No. 7140.
 Howard C. Bratton, of Hervey, Dow & Hinkle, Roswell, N.M., was on the brief for appellant in No. 7141.
 James B. Cooney, of Cooney, Schlenker & Briones, Farmington, N.M., was on the brief for appellant in No. 7142.
 Alfred O. Lebeck, Jr., of Lebeck, De-Pauli & Rich, Gallup, N.M., was on the brief for appellant in No. 7143.
 John P. Eastham, of Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N.M., was on the brief for appellee General Electric Co. in Nos. 7140-7143.
 Atwood & Malone, Roswell, N.M., were on the brief for appellee Westinghouse Electric Corporation in Nos. 7140-7143.
 A. T. Seymour, of Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N.M., was on the brief for appellee Allis-Chalmers Manufacturing Co. in Nos. 7140-7142, appellee H. K. Porter Company, Inc., in No. 7142 and appellee McGraw-Edison Company in Nos. 7142 and 7143.
 Winston S. Howard, Hugh A. Burns and James E. Hautzinger, of Dawson, Nagel, Sherman & Howard, Denver, Colo., were on the brief for appellee Allis-ChalmersManufacturing Co. in Nos. 7140-7142, appellee H. K. Porter Co., Inc., in No. 7142, appellant Allis-Chalmers Manufacturing Co. in Nos. 7181, 7185-7188 and appellant H. K. Porter Co., Inc., in Nos. 7182, 7184 and 7188.
 Waldo Spiess, of Spiess & Hackney, Albuquerque, N.M., was on the brief for appellees Allen-Bradley Company, C. H. Wheeler Manufacturing Co., Clark Controller Co., Cutler-Hammer, Inc., Ohio Brass Co., Inc., and Square D Co. in No. 7142.
 Bryan G. Johnson, of Iden & Johnson, Albuquerque, N.M., was on the brief for appellees Carrier Corporation, Joslyn Manufacturing & Supply Co., Moloney Electric Co., Sangamo Electric Co., Southern States Equipment Corporation, Porcelain Insulator Co. and Wagner Electric Corporation in No. 7142.
 C. R. McIntosh, Santa Fe, N.M., and Proskauer, Rose, Goetz & Mendelsohn, New York City, were on the brief for appellee Federal Pacific Electric Company in No. 7142.
 Charles C. Spann, of Grantham, Spann & Sanchez, Albuquerque, N.M., was on the brief for appellees Foster Wheeler Corporation, Ingersoll-Rand Co., I-T-E Circuit Breaker Co., Kuhlman Electric Co. and Worthington Corporation in No. 7142.
 Richard M. Davis, Lester R. Woodward and Thomas S. Nichols, of Lewis, Grant & Davis, Denver, Colo., were on the brief for appellant Westinghouse Electric Corporation in Nos. 7181, 7183, and 7185-7188.
 John F. Shafroth, of Grant, Shafroth, Toll & McHendrie, Denver, Colo., was on the brief for appellant Carrier Corporation in No. 7181, appellant Allen-Bradley Co. in No. 7183, appellant Cutler-Hammer, Inc., in No. 7183, appellant Ingersoll-Rand Co. in No. 7181, appellant Joslyn Manufacturing and Supply Co. in No. 7188, appellant Porcelain Insulator Corporation in Nos. 7182 and 7184, appellant Southern States Equipment Corporation in No. 7188 and appellant Square D Co. in No. 7183.
 Luis D. Rovira, of Akolt, Turnquist, Shepherd & Dick, Denver, Colo., was on the brief for appellants Foster Wheeler Corporation and Worthington Corporation in No. 7181.
 Joseph G. Hodges, of Hodges, Silverstein, Hodges & Harrington, Denver, Colo., was on the brief for appellant Ohio Brass Company in Nos. 7182 and 7184, appellant McGraw-Edison Co. in Nos. 7182, 7184, 7185 and 7187, appellant Moloney Electric Co. in No. 7185, appellant Clark Controller Co. in No. 7183 and appellant Wagner Electric Corporation in Nos. 7185 and 7187.
 Peter H. Holme, Jr., Donald C. McKinlay and Richard G. Wohlgenant, of Holme, Roberts, More & Owen, Denver, Colo., were on the brief for appellant General Electric Co. in Nos. 7182-7188.
 Josiah G. Holland and William C. McClearn, of Holland & Hart, Denver, Colo., were on the brief for appellant I-T-E Circuit Breaker Co. in Nos. 7182, 7184, 7186 and 7188 and appellant Kuhlman Electric Co. in No. 7185.
 Benjamin F. Stapleton and Hardin Holmes, of Ireland, Stapleton, Pryor & Holmes, Denver, Colo., were on the brief for appellant A. B. Chance Co. in Nos. 7182 and 7184 and appellant Federal Pacific Electric Co. in Nos. 7186 and 7188.
 Guido Saveri, San Francisco, Cal., Calvin W. Rawlings and Brigham E. Roberts, Salt Lake City, Utah, were on the brief for appellants Brigham City Corporation, Logan City Corporation, St. George City Corporation, Price Municipal Corporation, and Heber City, Midway Town & Charleston Town, d/b/a Heber Light & Power Plant, in No. 7211.
 Dallas H. Young, Jr., and Thomas S. Taylor, Provo, Utah, were on the brief for appellant in No. 7212.
 Dennis McCarthy, of Van Cott, Bagley, Cornwell & McCarthy, Salt Lake City, Utah, was on the brief for appellee Allis-Chalmers Manufacturing Co. in No. 7211.
 Peter W. Billings of Fabian & Clendenin, Salt Lake City, Utah, was on the brief for appellee General Electric Co. in Nos. 7211 and 7212.
 Calvin A. Behle, of Parson, Behle, Evans & Latimer, Salt Lake City, Utah, was on the brief for appellee Westinghouse Electric Corporation in Nos. 7211 and 7212.
 Robert D. Gast, Jr., of Lee, Bryans, Kelly & Stansfield, Denver, Colo., for appellee Public Service Co. of Colorado in Nos. 7181-7183, appellee Tucson Gas, Electric Light and Power Co. in No. 7181, appellee Cheyenne Light, Fuel and Power Co. in No. 7182 and appellee in No. 7186.
 Clayton & Gilbert, Greeley, Colo., for appellee in No. 7184.
 Louis Johnson, of Horn, Anderson & Johnson, Colorado Springs, Colo., for appellee in No. 7185.
 Raphael J. Moses, of Moses & DeSouchet, Alamosa, Colo., for appellee in No. 7187 and appellee in No. 7188.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 These appeals are in treble-damage Clayton Act cases similar in nature to approximately 1,900 other suits brought in the federal courts throughout the country. The plaintiffs are purchasers of electrical equipment and the defendants are the manufacturers and suppliers of that equipment. The claims are that the manufacturers and suppliers secretly conspired to fix prices. The issue is whether fraudulent concealment of a cause of action under 4 of the Clayton Act[1] tolls the limitation periods fixed by 4B and 5(b) of the Act as amended.[2]
 
 
 2
 In the New Mexico cases, Nos. 7140-7143, and the Utah cases, Nos. 7211 and 7212, the trial courts held that the running of the statutes was not tolled. In the Colorado cases, Nos. 7181-7188, the trial court reached the contrary conclusion. The point was raised by appropriate procedural devices in each case and we granted appeals from the interlocutory orders of the trial courts. Herein, the parties will be referred to as they appeared below.
 
 
 3
 The Second and Eighth Circuits, in similar cases, have held that the statute is tolled.[3] No court of appeals has held to the contrary. The district courts are split on the issue.[4]
 
 
 4
 The argument for the plaintiffs is that the decisions in Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed,. 636, Exploration Company, Limited, v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200, and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743, establish the principle that fraudulent concealment of a cause of action tolls a statute of limitations; that this rule is read into every federal statute of limitations;[5] that the rule applies unless Congress provides to the contrary by unambiguous language; and that, as Congress did not provide to the contrary in setting up limitations for private Clayton Act suits, the rule is applicable to the cases before the court.
 
 
 5
 Defendants assert that the intent of Congress in the enactment of the pertinent statutes of limitations was to fix an absolute bar and to permit tolling only in the event of the exception which is contained in 5(b) and which relates to situations wherein antitrust proceedings have been brought by the United States. The narrow issue is whether the Holmberg rule, that fraudulent concealment of a cause of action tolls a statute of limitations, is read into the statutes of limitations applicable to private Clayton Act suits because those statutes do not specifically reject the rule.
 
 
 6
 Before 1955, state statutes of limitations controlled in private Clayton Act suits. The great variation in these statutes and in the construction and application of them emphasized the need for uniformity. In the period 1949- 1955, bills establishing limitations for Clayton Act suits and providing taht the limitations should run from the discovery of the cause of action were introduced but failed to pass. In 1955, a bill without the discovery provision secured congressional approval. The Eighth and Second Circuits have adequately reviewed the legislative history of these bills, and repetition is unnecessary. We find that history interesting but not decisive of the issue.
 
 
 7
 Defendants assert that, at the time of the pendency of the pertinent bills and of the adoption of the 1955 amendments, federal case law did not toll statutes of limitations in non-fraud cases where active and wrongful concealment prevented discovery of the cause of action. In our opinion the Holmberg decision refutes this claim. There the cause of action arose out of a right, created by federal statute, to recover from a stockholder of a defunct bank. The fraud was in the concealment of the ownership of the stock. The necessity to set aside a fraudulent transfer was an incident to the relief required to effectuate the statutory right. The court affirmed the Bailey v. Glover principle of tolling by fraudulent concealment and said that such doctrine 'is read into every federal statute of limitation.'[6]
 
 
 8
 In an action for treble damages under the Clayton Act because of a price-fixing conspiracy, the cause of action is created by act of Congress. The active concealment of that conspiracy is a wrong tantamount to fraud. The analogy to Holmberg is so close as to justify the conclusion that Congress, when considering the desirability of the addition of federal statutes of limitations to the Clayton Act, must have been aware of the principle and its application to non-fraud cases which assert federally created rights and in which the cause of action has been actively and wrongfully concealed.
 
 
 9
 Defendants argue further that the rejection by Congress of the bills tolling the period of limitations until discovery shows an intent to reject the Holmberg principle. Again we do not agree. Delay in discovery differs from wrongful concealment.[7] Delay in discovery concerns action or inaction by the party asserting the right. Wrongful active concealment concerns positive action by the party against whom the right is asserted. Refusal to toll the statute for failure to discover is not a refusal to toll the statute when the cause of action is wrongfully and actively concealed.
 
 
 10
 Defendants say that a tolling of the period by the application of the Holmberg rule is judicial frustration of the will of Congress. The argument mistakenly equates failure to discover with active wrongful concealment. Further, the argument assumes that a tolling requirement based on case law must be specifically adopted by Congress in each pertinent statute to have applicability. The reliance on Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306, is misplaced. In Soriano the plaintiff claimed that a statute of limitations applying to certain claims against the government was tolled because of war. The Supreme Court refused to imply tolling by war and said (p. 276, 77 S.Ct. p. 273, 1 L.Ed.2d 360): '* * * limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.' The difference between the implication of a tolling provision in a statute limiting the time for suit against the sovereign and the application of the Holmberg tolling principle to a statute pertaining to a suit between private parties distinguishes the Soriano decision.
 
 
 11
 Further, defendants say that the clear language of the limitations statutes shows that Congress did not intend any judicial tolling exception to be read into the statutes. Section 4B provides that a cause of action 'shall be forever barred unless commenced within four years after the cause of action accured.' The argument emphasizes the phrase 'forever barred' and the word 'accrued.' The positive language of the statute is irrelevant to the application of the principle. The statutes of limitations in Bailey v. Glover, Exploration Company, Limited, v. United States, and Holmberg v. Armbrecht are just as positive and unambiguous as the statute now before the court. Yet in each of those cases the Supreme Court held that the running of the statute was tolled by fraudulent concealment.
 
 
 12
 Additionally, defendants contend that the amendment of 5(b) to provide for suspension during one year after the termination of actions by the United States, as well as during their pendency, shows that Congress did not intend fraudulent concealment to apply to 4B. The argument is based on a non sequitur. In Holmberg the Supreme Court said that the fraudulent concealment rule 'is read into every federal statute of limitation.' The enactment by Congress of a specific tolling provision which by nature must be statutory shows no intention to reject the Holmberg principle, which does not require action by Congress to be applicable.
 
 
 13
 Next, defendants argue that 4B is substantive, rather than procedural, and therefore cannot be tolled by judicial action. Their point is that a procedural statute can be tolled by fraudulent concealment but a substantive statute cannot. The Eighth Circuit held that the pertinent statute was procedural.[8] Be that as it may, Holmberg says that the principle applies to all statutes of limitations-- not just those of a procedural nature. In Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770, a case of estoppel rather than fraudulent concealment, the Supreme Court held that a substantive statute was tolled by defendant's wrongful acts. The same reasoning applies to a fraudulent concealment case.
 
 
 14
 Finally, defendants say that an absolute statute of limitations accords with sound policy considerations. They point out the injustice of stale claims, the impact thereof on the defendant companies and their stockholders, and the onerous burden of litigation which the assertion of stale claims places upon the federal courts. Hypothetical difficulties do not destroy a principle which the Supreme Court has read into every federal statute of limitations. Policy considerations are for Congress-- not the courts.
 
 
 15
 In State of Oklahoma ex rel. Phillips v. American Book Co., 10 Cir., 144 F.2d 585, 587, the Tenth Circuit had before it a Sherman antitrust action brought in Oklahoma before the adoption of any federal statute of limitations on such actions and when state statutes applied. The court said that the running of the statute was not tolled by the nondiscovery of the claim and based that holding on Oklahoma law. The American Book decision has no precedential value in the cases at bar. It was decided before Holmberg and does not discuss the federal doctrine of fraudulent concealment.
 
 
 16
 We agree with the statement of the Second Circuit that:
 
 
 17
 '* * * As we read the Supreme Court's opinion in Holmberg v. Armbrecht (327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743), supra, that policy (tolling by fraudulent concealment) is so strong that it is applicable unless Congress expressly provides to the contrary in clear and unambiguous language.'[9]
 
 
 18
 If the Supreme Court is disposed to change the Holmberg rule, it can do so. If Congress is disposed to forbid tolling by fraudulent concealment, it can do so. We are controlled by the decisions and statutes before us. On the present record the sufficiency of the proof to sustain the allegations of fraudulent concealment is not at issue and remains for future consideration.
 
 
 19
 Nos. 7140-7143 (the New Mexico cases) and Nos. 7211 and 7212 (the Utah cases) are reversed and Nos. 7181-7188 (the Colorado cases) are affirmed.
 
 
 
 [1]
 15 U.S.C. 15
 
 
 [2]
 15 U.S.C. 15b and 16(b)
 
 
 [3]
 See Atlantic City Electric Company v. General Electric Company, 2 Cir., 312 F.2d 236; and Kansas City, Missouri, v. Federal Pacific Electric Company, 8 Cir., 310 F.2d 271
 
 
 [4]
 See Atlantic City Electric Ompany v. General Electric Company, supra, 312 F.2d p. 239, footnote 4
 
 
 [5]
 See Holmberg v. Armbrecht, supra, 327 U.S. p. 397, 66 S.Ct. p. 585, 90 L.Ed. 743
 
 
 [6]
 Holmberg v. Armbrecht, supra, 327 U.S. at p. 397, 66 S.Ct. at p. 585, 90 L.Ed. 743. The contention is made that the quoted phrase is dictum to which the lower courts are not required to yield. Without exploring the intricate distinctions between dictum and language necessary to decision, we conclude that we must recognize the clear, direct, explicit, and unqualified statement of the Supreme Court. Cf. Grossman v. Young, D.C.S.D.N.Y., 72 F.Supp. 375, 379
 
 
 [7]
 See Eighth Circuit decision, 310 F.2d 278, and Second Circuit decision, 312 F.2d 240-241, footnote 9
 
 
 [8]
 See 310 F.2d 271, 282
 
 
 [9]
 312 F.2d 236, 240-241