**WESTINGHOUSE ELECTRIC CORPORATION et al., Appellants,**

v.

**CITY OF BURLINGTON, VERMONT, et al., Appellees.**

**GENERAL ELECTRIC COMPANY et al., Appellants,**

v.

**CITY OF ALBEMARLE, NORTH CAROLINA, Appellee.**

**WESTINGHOUSE ELECTRIC CORPORATION et al., Appellants,**

v.

**PUERTO RICO WATER RESOURCES AUTHORITY, Appellee.**

**WESTINGHOUSE ELECTRIC CORPORATION et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 17747, 17931–17933.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 25, 1963.

Decided Jan. 2, 1964.

Mr. Robert C. Barnard, Washington, D. C., with whom Mr. John K. Mallory, Jr., Washington, D. C., was on the brief for appellant Allis-Chalmers Mfg. Co.

and certain other appellants, argued for all appellants.

Mr. Elmer F. Bennett, Washington, D. C., with whom Mr. David Booth Beers, Washington, D. C., was on the brief for appellee City of Burlington, Vt., argued for all appellees.

Messrs. Leonard J. Emmerglick and Ellis Lyons, Washington, D. C., were on the brief for appellant Westinghouse Electric Corp.

Messrs. Francis M. Shea, Richard T. Conway, William H. Dempsey, Jr., and Clark M. Clifford, Washington, D. C., were on the brief for appellant General Electric Co.

Mr. Ezekiel G. Stoddard, Washington, D. C., was on the brief for appellant Carrier Corp., in No. 17,747.

Mr. J. Carter McKaig, Washington, D. C., was on the brief for appellant Worthington Corp., in No. 17,747.

Messrs. Charles S. Rhyne, Brice W. Rhyne and Anthony Joseph, Washington, D. C., were on the brief for appellee in No. 17,931.

Messrs. Robert E. Sher and James H. Heller, Washington, D. C., were on the brief for appellee in No. 17,932.

Messrs. Chester H. Gray, Corp. Counsel for District of Columbia, and John A. Earnest and James M. Cashman, Asst. Corp. Counsel, were on the brief for appellee in No. 17,933.

Mr. Ephraim Jacobs, Washington, D. C., entered an appearance for appellant Federal Pacific Electric Co., in No. 17,-747.

Messrs. Ralph S. Cunningham, Jr., and Earl W. Kintner, Washington, D. C., entered appearances for appellant Duncan Electric Co., Inc., in No. 17,747.

Mr. Robert D. Larsen, Washington, D. C., entered an appearance for appellants Ward Electric Co. and Arrow-Hart & Hegeman Electric Co., in No. 17,747.

Messrs. Charles L. Saunders, Jr., and Willis B. Snell, Washington, D. C., entered appearances for appellants Southern States Inc., Kuhlman Electric Co., and A. B. Chance Co., in No. 17,747.

Mr. Richard A. Whiting, Washington, D. C., entered an appearance for appellant I-T-E Circuit Breaker Co., in No. 17,747.

Mr. John S. Walker, Washington, D. C., entered an appearance for appellant Clark Controller Co., in No. 17,747.

Mr. Bartholomew A. Diggins, Washington, D. C., entered an appearance for appellant H. K. Porter Co., Inc., in No. 17,747.

Mr. Arthur B. Edgeworth, Washington, D. C., entered an appearance for appellants Allen-Bradley Company, Cutler-Hammer Company and Square D Company, in No. 17,747.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

The issue urged [1] by appellants has already been litigated unsuccessfully in related suits before the Courts of Appeals for the Second,[2] Seventh,[3] Eighth,[4] and Tenth [5] Circuits. Petitions for *certiorari* were denied three times by the Supreme Court.[6] The matter is under submission in the Fifth [7] and Ninth [8]

Circuits. The Third Circuit has denied leave to take an interlocutory appeal.[9] Under the circumstances, we wonder whether the issue can really be said to be still open for adjudication. If it is, we would adopt the reasons stated [10] by Chief Judge Lumbard for the Second Circuit, *en banc*, and affirm the order of the District Court.

Affirmed.

BURGER, Circuit Judge (concurring specially):

The holdings of the Eighth [1] and Second [2] Circuits on this point seem to rely considerably on the legislative history of Section 5(b), but in common with Circuit Judge Breitenstein in his opinion for the Tenth Circuit [3] and Chief Judge Hastings for the Seventh Circuit,[4] I find the legislative history "interesting but not decisive of the issue." At best, the legislative history suggests to me that different members of the key Committees of the Congress had different ideas as to the state of the existing law and as to the impact of the amendment on limitations. Certainly some members of Congress

1. The question presented is whether the statute of limitations set forth in Sections 4B and 5(b) of the Clayton Act, 38 Stat. 731, 69 Stat. 283, 15 U.S.C. §§ 15b, 16 (b), is tolled because of "fraudulent concealment." See Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1875); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). The court below held that it is.

2. Atlantic City Electric Co. v. General Electric Co., 2 Cir., 312 F.2d 236 (1962), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963).

3. Allis-Chalmers Mfg. Co. v. Commonwealth Edison Co., 7 Cir., 315 F.2d 558 (1963).

4. Kansas City, Missouri v. Federal Pacific Electric Co., 8 Cir., 310 F.2d 271 (1962), cert. denied, 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415 (1963).

5. Public Service Co. of New Mexico v. General Electric Co., 10 Cir., 315 F.2d 306, cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963).

6. See Notes 2, 4 and 5, supra.

7. City of San Antonio v. General Electric Co., W.D.Tex., Civ. No. 3063 (December 7, 1962), appeal pending, 5 Cir.

8. Department of Water & Power v. Allis-Chalmers Mfg. Co., S.D.Cal., 213 F.Supp. 341 (1963), appeal pending, 9 Cir.

9. United States v. General Electric Company, E.D.Pa., 209 F.Supp. 197 (1962), leave to appeal under 28 U.S.C. § 1292(b) denied, 3 Cir., September 21, 1962.

10. See Note 2, supra.

1. Kansas City, Missouri v. Federal Pacific Electric Co., 310 F.2d 271 (8th Cir. 1962), cert. denied, 373 U.S. 914, 83 S. Ct. 1297, 10 L.Ed.2d 415 (1963).

2. Atlantic City Electric Co. v. General Electric Co., 312 F.2d 236 (2d Cir. 1962), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411 (1963).

3. Public Service Co. of New Mexico v. General Electric Co., 315 F.2d 306, 310 (10th Cir.), cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963).

4. Allis Chalmers Mfg. Co. v. General Electric Co., 315 F.2d 558, 563 (7th Cir. 1963).

thought they were accomplishing the result usually sought by the framers of statutes of limitations—the cutting off of stale claims. However, I would not read Justice Frankfurter's opinion in the *Holmberg* case as controlling. Although cases involving conspiracy to fix prices or to engage in monopolistic practices have elements in common with fraud, they are not fraud cases in the sense of the situations dealt with in Bailey v. Glover, its progeny, and Holmberg v. Armbrecht, *supra,* majority opinion.

I concur in our holding with considerable reservation and on the assumption that at some stage the Supreme Court must re-examine the problem and resolve it.