[S. F. No. 21551. In Bank. Feb. 18, 1964.]

CORINE RAND, Plaintiff and Appellant, v. SHIRLEY A. ANDREATTA et al., Defendants and Respondents.

Redland & Pinney and Van H. Pinney for Plaintiff and Appellant.

J. Frank Coakley, District Attorney, Appelbaum, Mitchell & Bennett, Bennett & Van De Poel and Bryant M. Bennett for Defendants and Respondents.

McCOMB, J.—Plaintiff appeals from a judgment entered in favor of defendants after a ruling by the trial court, under section 597 of the Code of Civil Procedure, on a special defense constituting a bar to the prosecution of the action, in a suit for personal injuries alleged to have been caused by negligence of defendant Andreatta while in the course and scope of her employment by defendant county.

The issue presented to the trial court was whether plaintiff's action was barred by reason of her failure to file claims pursuant to former sections 710 et seq. of the Government Code* prior to commencement of the action. The trial court's determination of this issue in defendants' favor necessarily included a determination that defendants were not estopped as a matter of law to set up such a defense.

*Facts*: At the time set for trial, the parties stipulated that (a) the accident occurred on April 5, 1960; (b) plaintiff first saw an attorney no later than October 17, 1960; (c) no

---

*The Government Code provided, in part, at the times pertinent hereto, as follows:

Former § 710: ''No suit for money or damages may be brought against a local public entity on a cause of action for which this chapter requires a claim to be presented until a written claim therefor has been presented to the entity in conformity with the provisions of this article.''

Former § 715: ''A claim relating to a cause of action . . . for physical injury to the person . . . shall be presented . . . not later than the one hundredth day after the accrual of the cause of action. . . .''

Former § 801: ''Whenever it is claimed that any person has been injured . . . as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment . . . within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. . . .''

Former § 803: ''A cause of action against an employee of a district, county, city, or city and county for damages resulting from any negligence upon the part of such employee while acting within the course and scope of such employment shall be barred unless a written claim for such damages has been presented to the employing district, county, city, or city and county in the manner and within the period prescribed by law as a condition to maintaining an action therefor against such governmental entity.''

claim as required by law was filed with either defendant prior to the filing of the action November 13, 1960; (d) a claim was filed with each defendant on or shortly following February 6, 1961, long after the time fixed by law for the filing thereof; (e) the police report covering the accident showed on its face that the vehicle driven by defendant Andreatta was owned by defendant county; (f) defendant Andreatta was acting in the course and scope of her employment by defendant county at the time of the accident; (g) findings of fact and conclusions of law were waived; and (h) the trial court might, pursuant to the provisions of section 597 of the Code of Civil Procedure, separately try the issue of whether plaintiff's action was barred by reason of her failure to file a claim prior to commencement of the action, and if such issue was decided in plaintiff's favor, the issue of whether the facts supported an estoppel.

In an amended complaint, plaintiff alleged facts which, if proved, would be sufficient to estop defendants from asserting the defense of failure to file the claims within the time required by law.

■ *Questions:* First. *Does plaintiff's failure to file claims, pursuant to the requirements of the Government Code, prior to commencement of the action prevent consideration of any facts which might estop defendants from asserting the defense of failure to file a claim on time?*

*No.* Since plaintiff commenced her action before filing the claims required by the Government Code, she is in the same position as if she had never filed a claim. Accordingly, we must determine whether estoppel may be used to excuse a failure to file any claim at all.

■ Estoppel may be used in a proper case to excuse the late filing of claims against public entities or the filing of such claims in a defective form. (*Farrell* v. *County of Placer,* 23 Cal.2d 624, 627-628 [2,3], 630 [4] [145 P.2d 570, 153 A.L.R. 323]; *Dettamanti* v. *Lompoc Union School Dist.,* 143 Cal.App.2d 715, 719, 723 [6] [300 P.2d 78]; *Cruise* v.*City & County of San Francisco,* 101 Cal.App.2d 558, 562 [3, 4] [225 P.2d 988]; *Mendibles* v. *City of San Diego,* 100 Cal.App.2d 502, 506 [1] [224 P.2d 42] [hearing denied by the Supreme Court].)

Therefore, since late or defective notice is regarded as the equivalent of no notice (*Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 203 [120 P.2d 13]; *Gale* v. *County of Santa Barbara,* 118 Cal.App.2d 451, 452-453 [1] [257 P.2d 1000]

[hearing denied by the Supreme Court]), estoppel may likewise be used to excuse no notice. (See *Bruce* v. *Jefferson Union High School Dist.*, 210 Cal.App.2d 632, 634 [2,3] [26 Cal.Rptr. 762] ; *Cruise* v. *City & County of San Francisco, supra,* 101 Cal.App.2d 558, at p. 563; 1 Witkin, Cal. Procedure (1954) Actions, § 72, pp. 575-576.)

Any statements to the contrary in *Johnson* v. *County of Fresno,* 64 Cal.App.2d 576 [149 P.2d 38] ; *Klimper* v. *City of Glendale,* 99 Cal.App.2d 446 [222 P.2d 49] ; *Brown* v. *Sequoia Union High School Dist.,* 89 Cal.App.2d 604 [201 P.2d 66] ; and *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407 [217 P.2d 984], are disapproved.

■ Second. *Are plaintiff's allegations of estoppel sufficient?*

*Yes.* The allegations pertinent to the question of estoppel are that one Kendall was the agent and claims representative of both defendants; that within a few days after the accident he represented to plaintiff that he was such agent and claims representative; that he advised plaintiff (an uneducated Negro woman) that she did not need counsel and that it would not be necessary for her to retain counsel; that all her rights would be protected; that, relying upon the representations, plaintiff did not seek counsel until October 17, 1960, when it appeared impossible to arrive at an equitable settlement with Kendall; that he had her sign numerous papers and that within the time required by law her claim for·damages was presented to both defendants; that the claim was in all particulars as required by law; and that it was rejected.

At the time of trial, after considerable discussion between the court and counsel, defendants agreed that the issue of estoppel could be tried by the court instead of a jury and that there were two issues to be submitted to the court,—(1) the effect of the failure to file claims before suit and of the filing of claims after suit, and (2) if this issue was decided in favor of plaintiff, did the facts support an estoppel?

It is clear from the foregoing that the allegations of estoppel were sufficient, and the issue was before the trier of fact.

*Ghiozzi* v. *City of South San Francisco,* 72 Cal.App.2d 472 [164 P.2d 902], relied on by defendants is not in point. In that case, the plaintiff filed a timely, verified claim, but failed to state the date of the damage or the place at which it occurred. Because of these omissions, the court held that there was not substantial compliance with the statute, even though the city had actual knowledge of the date and place

of the damage. There was no contention that any act of the city or its officials prevented plaintiff from filing his claim, nor was the issue of estoppel raised.

■ Third. *Since plaintiff did not seek relief under former section 716 of the Government Code, is she now prohibited from relying on the doctrine of estoppel?*

*No.* Former section 716 provided that the superior court "shall grant leave to present a claim after the expiration of the time specified in section 715 if the entity against which the claim is made will not be unduly prejudiced thereby, where no claim was presented during such time and where:

" (a) Claimant was a minor during all of such time; or

" (b) Claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time; or

"(c) Claimant died before the expiration of such time."

On the face of the record, this section had no application here. Plaintiff comes within none of the categories mentioned in the section, and therefore had no standing to petition for the relief provided therein.

■ Nor can it be contended that the section impliedly shows a legislative intent to abolish estoppel by making the conditions outlined therein the only ones under which a late filing may be excused. Though the Law Revision Commission recommended that an express section with regard to estoppel be enacted and none was, it cannot be held that the Legislature intended to limit the assertion of estoppel against a public agency to the situations set forth in former section 716.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.