456 P.2d 159

**Ethel RICE, Plaintiff and Appellant,**

**v.**

**GRANITE SCHOOL DISTRICT, a political subdivision of the State of Utah, Defendant and Respondent.**

**No. 11443.**

Supreme Court of Utah.

July 1, 1969.

Thomas, Armstrong, Rawlings, West & Schaerrer, David E. West, Salt Lake City, for appellant.

Ray, Quinney & Nebeker, Stephen B. Nebeker, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff initiated this action to recover for the injuries she sustained while attending a high school football game. She alleged that she fell from a bleacher, which was negligently maintained by defendant in a dangerous, unsafe, and neglected condition. Defendant filed a motion to dismiss on the ground that plaintiff's claim was barred by the one-year limitation period provided in Section 63-30-15, U.C.A.1953, Repl. Vol. Plaintiff filed an affidavit in opposition to defendant's motion; the trial court treated the matter as a motion for summary judgment and dismissed her complaint with prejudice. On appeal, plaintiff contends that her affidavit contained sufficient facts to create an estoppel, which she was entitled to present to a jury.

For the purpose of this appeal defendant will concede the truth of the facts as set forth in plaintiff's affidavit. Plaintiff has claimed to have suffered severe injuries to her neck and back, and as an incident thereto, she was required to have a surgical procedure performed to effect a fusion of her back in two places. Immediately following her accident, which occurred on the 30th of September, 1966, she notified in writing the authorities of Cyprus High School. Subsequently, plaintiff was contacted by an insurance adjuster of the Scott Wetzel Adjusting Company, who informed her that he represented the Great American Insurance Company, the insurance carrier for the Granite School District. The adjuster advised her that she would be compensated for her damages as soon as the costs thereof were ascertained.

During January of 1967, plaintiff was hospitalized for back surgery. Thereafter she was again contacted by an adjuster who reiterated that she would be indemnified for her medical expenses. She was reassured that the insurance company would accept responsibility and that she was not to worry. The adjuster showed her pictures of the bleachers and commented that they were old and obsolete and that there would be no problem whatsoever in taking care of her expenses.

During the month of November, 1967, plaintiff contacted the adjuster's office and inquired as to the settlement. She was

advised that everything was in proper order, but the company was unable to do anything until she was released by her doctor. In September, 1968, although plaintiff had still not been released by her doctor, she again contacted the company; she was notified for the first time that her claim was denied. She immediately contacted an attorney, who filed the instant action. Based on the aforementioned conduct of the adjuster, plaintiff contends that defendant is estopped to assert the statute of limitations.

As a preliminary matter it is important to notice the status of an insurance carrier under the Governmental Immunity Act. Section 63–30–14, U.C.A.1953, Repl. Vol., provides:

> Within ninety days of the filing of a claim the governmental entity *or its insurance carrier* shall act thereon and notify the claimant in writing of its approval or denial. A claim shall be deemed to have been denied if at the end of the ninety-day period the governmental entity *or its insurance carrier* has failed to approve or deny the claim. (Emphasis added.)

█ Implicit within this statutory designation of the insurance carrier to deal directly with the claimant is the acknowledgment that the insurance carrier's conduct may be such as to support an estoppel. The insurance carrier is specifically authorized to approve or deny a claim; therefore, we are not confronted by a fact situation wherein the agent's actions were not authorized by statute, and the governmental entity could not be estopped to assert the statute of limitations.

Similarly, the concept that a governmental entity is generally not subject to an estoppel cannot be sustained under the mandate of Section 63–30–4, which provides:

> * * * Wherein immunity from suit is waived by this act, consent to be sued is granted and liability of the entity shall be determined as if the entity were a private person.

The Supreme Court of the State of Washington has observed:[1]

> Governmental immunity from estoppel is a derivative of the doctrine conferring the sovereign entity with immunity from suit without its consent. [Citations omitted.] The legislature of this state has indicated that sovereign immunity in tort actions is no longer desirable or acceptable. R.C.W. 4.92.090. The modern trend in both legislative and judicial thinking is toward the concept that the citizen has a right to expect the same standard of honesty, justice and fair dealing in his contact with the state or other political entity, which he is legally

---

1. Finch v. Matthews, Wash., 443 P.2d 833, 842 (1968).

accorded in his dealings with other individuals. * * *

The foregoing concept has been embodied in the Utah Governmental Immunity Act. It would appear to be an anomalous situation if we were to hold that although sovereign immunity has been waived, a derivative of that doctrine, governmental immunity from estoppel, is a viable principle which may be asserted to avert liability by an entity denominated by the act as a private person.

Even if the one-year limitation of Section 63–30–15 be deemed mandatory, this court has previously held:

* * * Waiver or estoppel may be found in the face of a mandatory statute. For instance, statutes of limitation ordinarily are mandatory both in form and effect. Nevertheless, they may be waived or the party may be estopped from relying upon them. [Citation omitted.][2]

A case which reviews the relevant principles to be applied in the instant action is Dettamanti v. Lompoc Union School District,[3] wherein the court stated:

* * * Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essential requisite to plaintiff's cause of action, nevertheless, the time element with respect to the filing of the claim is essentially procedural in nature and is analogous to a statute of limitation. It has been intimated by some authorities that the claim statute is the measure of the power of the governmental agency in paying the tort claims involved, and hence any deviation from that procedure cannot be dispensed with by waiver, estoppel, or otherwise. That conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason. The various reasons advanced for the adoption of the claim statute, that is, to afford the agency an opportunity to investigate the merits of the claim, and to arrive at a settlement, thus avoiding litigation, are not inconsistent with the view that the statute is not the measure of the power. From the standpoint of the agency it has general power to pay claims arising from the liability imposed by the public liability act. Hence the filing of the claim within ninety days, while mandatory upon the claimant and a condition precedent to his cause of action, is nothing more than a procedural requirement as to the agency, which, as to the claimant, may be excused by estoppel. * * *

2. Hurley v. Town of Bingham, 63 Utah 589, 592, 228 P. 213, 214 (1924); also see McKee v. Industrial Comm., 115 Utah 550, 206 P.2d 715 (1949), wherein this court stated that if the plaintiff could establish the facts to support an estoppel, the defendant could be estopped to assert the statute of limitations under the Workmen's Compensation Act as a bar to plaintiff's right to compensation.

3. 143 Cal.App.2d 715, 300 P.2d 78, 81 (1956).

In Benner v. Industrial Acc. Comm., supra, 26 Cal.2d 346, 349, 159 P.2d 24, 26, the court said: "Where, as here, the delay in commencing action was induced by the conduct of the party sought to be charged the latter may not invoke such conduct to defeat recovery. An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. To create an equitable estoppel, 'it is enough if the party has been induced to *refrain* from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.' * * * 'It is well settled that a person by his conduct may be estopped to rely upon these defenses. Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense.' " [4]

Furthermore, we do not find applicable in the instant case the principle that an estoppel in pais may not be invoked in respect to cases arising under statutes creating a new cause of action and limiting the time for commencing suit thereunder.

■ The Utah Governmental Immunity Act does not create a new cause of action; this act merely waives a defense, sovereign immunity in certain specified actions; see Section 63–30–5 through 63–30–10, [5] and provides that the liability of the governmental entity shall be determined as if the entity were a private person.

Defendant asserts that the judgment of the trial court should be affirmed because settlement negotiations do not estop a party from interposing the statute of limitations as a defense.

■ The question of whether negotiations for the compromise of a claim or debt will give rise to an estoppel against pleading the statute of limitations depends upon the character of the negotiations and the circumstances surrounding the parties.[6] In the instant action, the facts, as asserted in plaintiff's affidavit, indicate that the adjuster for the insurance carrier admitted liability and promised compensation upon several occasions. Plaintiff was led

4. Also see Rand v. Andreatta, 60 Cal.2d 846, 36 Cal.Rptr. 846, 389 P.2d 382 (1964) ; Bruce v. Jefferson Union High School District, 210 Cal.App.2d 632, 26 Cal.Rptr. 762 (1962) ; Driscoll v. City of Los Angeles, 67 Cal.2d 297, 61 Cal. Rptr. 661, 431 P.2d 245 (1967) ; and Lerner v. Los Angeles City Bd. of Education, 59 Cal.2d 382, 29 Cal.Rptr. 657, 380 P.2d 97 (1963).

5. As an example of the construction of the act, Section 63–30–9 provides: "[i]mmunity from suit of all governmental entities is waived for any injury caused from a dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement. Immunity is not waived for latent defective conditions."
6. 24 A.L.R.2d Statute of Limitations—Estoppel, Sec. 13, pp. 1430–1431.

to believe that the only unresolved issue was the ascertainment of her damages, which she was informed was contingent solely on her discharge by her doctor. If the facts be substantiated in plaintiff's affidavit, the trier of fact could reasonably conclude that the conduct of the adjuster was such as to induce plaintiff to delay filing her action.

Where the delay in commencing an action is induced by the conduct of the defendant, or his privies, or an insurance adjuster acting in his behalf, it cannot be availed of by any of them as a defense.

One cannot justly or equitably lull an adversary into a false sense of security thereby subjecting his claim to the bar of limitations, and then be heard to plead that very delay as a defense to the action when brought. Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made may create an estoppel against pleading the Statute of Limitations. [Citations omitted.] [7]

█ The record that was before the trial court upon the motion for summary judg-

ment discloses the existence of a genuine issue of a material fact, namely, whether defendant is estopped to assert Section 63-30-15, U.C.A.1953, Repl. Vol. as a bar to recovery in this action. The trial court erred by its entry of summary judgment in behalf of defendant. This case is reversed and remanded for further proceedings in accordance with this opinion.

TUCKETT, J., concurs.

CROCKETT, Chief Justice (concurring).

I concur with the opinion of Justice Callister, but desire to add these comments.

It is to be conceded that there are what appear upon the surface to be some perplexities involved in permitting the plaintiff to proceed in this case. This facade of apparent difficulties arises because of certain considerations which apply in the *usual* tort-liability-insurance situation which I expressly declare that I do not desire to depart from by what I say herein. These are: that the questions both as to the right to sue and of liability should be determined without regard to whether there

---

7. North v. Culmer, Fla.App., 1967, 193 So.2d 701, 705; also see Knight v. Lawrence, 331 Mass. 293, 118 N.E.2d 747 (1954); MacKeen v. Kasinskas, 333 Mass. 695, 132 N.E.2d 732 (1956), wherein the court held that the evidence warranted a finding that the defendant was estopped from asserting the statute of limitations by reason of the conduct of an adjuster for an insurance company. The court found that the representations of the adjuster were such as to lead plaintiffs reasonably to believe that when they were fully recovered from their injuries and their damages could be definitely determined, the insurer would pay them for all such damages.

is insurance coverage or not;[1] and that thus in such a case the court would normally be concerned only with the right of the plaintiff to sue the defendant School District and not with rights she may have with any insurance company.[2]

Having declared as just stated it is nevertheless my opinion that in the present status of this case and under the new Governmental Immunity Act,[3] there are issues to be tried and resolved before it can be determined what justice requires. This is true because an analysis of that Act shows that it creates quite a different situation from the usual liability insurance coverage.

While insurance coverage is not made mandatory, there are aspects of the Act which seem to proceed upon the assumption that such insurance will be carried. Section 63-30-28 expressly authorizes governmental entities to carry insurance against risks which may arise as a result of the Act; and all the rest of the Chapter, Sections 29 to 34 inclusive, spell out details concerning the insurance. This includes Section 30, which provides that the insurance carrier may not plead sovereign immunity. This manifest clear intent that where there is an insurance carrier it should not avail itself of protections which should belong only to the sovereign entity.

But a preceding Section, 60-30-14 has the most important bearing upon the problem here involved. It provides that when a claim is filed "the governmental entity *or its insurance carrier shall act thereon and notify the claimant* in writing of its approval or denial."

There can be no doubt that the statute just quoted is a legislative imposition of a duty and also the conferring of authority upon the insurance carrier to act upon such a claim. A necessary consequence of this is that the person who files a claim is not only entitled, but in some instances is required, to do business with and have his rights depend upon the action of the insurance company upon the claim through its agent or adjuster. In such a situation the latter, although employed by the insurance company, will in reality be acting for and on behalf of the defendant School District. Inasmuch as the insurance company (who acts through its agent or adjuster) is by law both charged with the duty and authorized to act upon the claim against the governmental entity (defendant School District) it is necessary to know in this case whether the alleged agent was in that status. This fact is impossible to ascertain from this record due to the vacuums left by the ruling on the motion for summary judgment.

1. See Balle v. Smith, 81 Utah 179, 17 P.2d 224; Saltas v. Affleck, 99 Utah 381, 105 P.2d 176; Hill v. Cloward, 14 Utah 2d 55, 377 P.2d 186.

2. See Anno., 65 A.L.R.2d 1278, 1302–1305, (1959).
3. Chap. 139, S.L.U.1965, coded as Chap. 30, Title 63, Utah Code Annotated 1953.

In the plaintiff's affidavit she makes positive averments which indicate that the defendant School District has insurance coverage. With respect to this affidavit it is important to have in mind these facts: that the defendant has filed nothing under oath to dispute it, by counter-affidavit or otherwise; and that the position taken by the defendant in the lower court and here is simply that negotiations between the insurance adjuster and the plaintif could not affect a waiver or work an estoppel against the defendant School District's assertion of the statute of limitations.

Upon the basis of the plaintiff's averments and upon the state of this record it seems to me that the plaintiff has effectively raised the issue that she was intentionally deceived into not bringing her action timely by the representations of an agent who, although employed by an insurance company, was acting in conformity with authorization by law for and in behalf of, and representing the interests of defendant School District. If this be true, it would be manifestly unjust to permit the defendant District to be in the position of taking the advantage of, but not be bound by, the conduct of an agent who may have deliberately and designedly deluded the plaintiff into believing that her claim would be settled, then after the statute of limitations had run, changing position.[4] This court has previously pointed out that the statute of limitations should not protect one who fraudulently conceals another's right of action against him. See Peteler v. Robinson, 81 Utah 535, 17 P.2d 244 (1933); McKee v. Industrial Commission, 115 Utah 550, 206 P.2d 715 (1949); see also Public Service Co. of New Mexico v. General Electric Co., 10 Cir., 315 F.2d 306 (1963); and 54 C.J.S. Limitations of Actions § 206.

In accordance with what I have said, it is my opinion that there should be a trial and determination of all of the issues involved.

ELLETT, Justice (dissenting).

I dissent.

The plaintiff appeals from a ruling of the trial court holding that her claim is barred by the provisions of Section 63–30–15, U.C.A.1953. This section provides that an action must be commenced within one year after the denial of a claim.

On September 30, 1966, plaintiff fell from a bleacher seat while watching a high school football game. She claims that her fall and resulting injuries were caused by reason of the unsafe and defective condition of her bleacher seat. This action was commenced exactly two years after the fall. The defendant moved to dismiss because the complaint showed on its face that the statute of limitations had run. The plain-

4.  Cf. Rand v. Andreatta, 60 Cal.2d 846, 36 Cal.Rptr. 846, 389 P.2d 382.

tiff filed an affidavit in opposition to motion to dismiss; and the trial judge, treating the matter as a motion for summary judgment, dismissed the complaint with prejudice.

In her affidavit the plaintiff claims that following the giving of timely notice in writing to the school authorities, she was advised by an adjuster for the insurer of the School District, that the insurance company would pay all her damages as soon as they could be ascertained. She further stated that in January, 1967, she underwent back surgery, and following the operation an adjuster for the insurance company told her that all her medical bills would be taken care of and not to worry, that the insurance company would stand behind her. She further stated that in November of 1967 she called the adjuster's office and was advised that the company could not do anything until she was released by her doctor. She also stated that she was not released by her doctor, and in September, 1968, she called the adjuster and was then told that her claim was denied.

Based on the facts as stated in her affidavit, she claims that the defendant, Granite School District, is estopped to set up the statute of limitations, and this claim is the only matter before this court.

In this case the plaintiff either knew or was presumed to know that her action would need to be filed within one year following the disallowance of her claim, or in case it was not disallowed, one year from ninety days after the claim had been filed. There was no fiduciary relationship between her and the claims adjuster. She had to know that he was her adversary and that he did not have authority to represent and bind the School District.

Counsel have cited many cases holding that a defendant may be estopped to set up the statute of limitations when by misrepresentation on the part of the defendant the plaintiff has neglected to bring the action timely. This case, however, is not the usual run of cases. It involves an arm of the State as a party defendant, and in that regard the law is as stated in 31 C.J.S. Estoppel § 141, at page 696:

> Municipalities and quasi municipalities are not subject to estoppel to the same extent as individuals or private corporations, and, in accordance with the general rule, stated supra § 138, that estoppels against the public are little favored, the principle of estoppel in pais ordinarily is inapplicable to municipalities and quasi municipalities, and should be used sparingly. * * *

See also Tooele City v. Elkington, 100 Utah 485, 116 P.2d 406, where in the concurring opinion of Mr. Justice Wolfe it is said:

> * * * The principle of "holding out" does not apply to a municipality.

A city may be estopped from asserting a claim because of the action or non-action of its representative body or successive bodies under certain circumstances, but neither that body nor the city is estopped or bound in any way on the theory that it has held out its agent as having authority which he did not have.

The time limitation of one year during which an action must be filed against a municipality is an integral part of the statute which permits one to sue and is not an ordinary statute of limitations. It cannot be waived by an insurance adjuster.[1]

A case in point is that of Town of Mount Dora v. Green, 117 Fla. 385, 158 So. 131 (1934). There Green brought an action in equity to enjoin the town of Mount Dora from setting up the statute of limitations as a defense to another action at law then pending in which Green was plaintiff. In the law action Green had not filed his complaint within the 12 months as required by the charter of the town. He claimed that the reason he had not filed was because of certain negotiations carried on and because of the representations made by the local agent of the insurer for the town of Mount Dora. The Supreme Court said:

The controlling question presented here is whether or not an agent of a municipality, without being thereunto authorized by a statute, may by express agreement or by conduct waive the right of the municipality to interpose its defense of statutory limitation against the enforcement of a cause of action, or, in other words, whether or not a municipality may be estopped from pleading the statute of limitations by reason of the conduct or express agreement of an agent of limited authority whose action in that connection is not specifically authorized by statute.

\* \* \* \* \* \*

It is clear to us, however, that no conduct of any person or persons possessing less authority than the governing power of the municipality may by express agreement or by conduct, unless thereunto specifically authorized by statute, waive the duty of the municipality to plead the statute of limitations where the statute is mandatory.

The annotation in 24 A.L.R.2d at page 1415, supplementing one in 130 A.L.R. at page 8, states the law as follows:

The general rule recognized and applied in numerous cases in both the original and the present annotation is that the doctrine of estoppel in pais may be applied to preclude a defendant who has been guilty of fraudulent or inequitable

---

1. In this case we need not pass on the question of whether the governing board of the District could waive the provisions of the statute, as that board has not undertaken to do so.

conduct from asserting the statute of limitations. * * *

But, as will be seen by a review of the cases in the original annotation and in § 4 of the present annotation, the general rule above stated is not, according to the majority of the cases, applicable with respect to cases arising under statutes creating a new cause of action and limiting the time for commencing suit thereunder. * * *

The main opinion assumes that the Great American Insurance Company stands ready to pay any judgment which may be rendered against the defendant and, therefore, the plaintiff does not have to comply with the provisions of the statute which permit her to sue. An insurance adjuster of the Scott Wetzel Adjusting Company misled the plaintiff and caused her not to file her claim within the time when the statute says she must so file it.

Now, the Great American Insurance Company is not a party to this action and cannot be bound even by stipulation of counsel for the parties to this action. We do not know what defense the insurance company would raise if and when the defendant attempts to recover on its policy. The insurance company may claim that the policy has lapsed or that it was obtained by fraud or that because of the failure of the defendant to cooperate, coverage is avoided. The insurance company may even

have become bankrupt, so that no effective covering for the defendant is in existence. All of these possibilities make it essential to have the insurer named as a party defendant if the reasoning of the main opinion is to have any validity.

The court has consistently refused to permit the joinder of an insurance company as a party defendant. Our latest holding to that effect was in the case of Young v. Barney, et al., 20 Utah 2d 108, 433 P.2d 846 (1967). When this court is willing to have the insurance carrier made a party to the action, then I would have no problem in permitting the action to be maintained as against the insurer when its agent acted as plaintiff contends the Scott Wetzel adjuster acted in this case.

Even if the insurance adjuster had entered into a written contract with the plaintiff to the effect that she could bring her suit after the one-year period had elapsed, the School District would not be bound thereby because the adjuster was not an agent of the School District; and even if he were an agent of the District, he had no authority to make such a contract.

See 28 Am.Jur.2d, Estoppel and Waiver § 39, where it is said:

Unquestionably, a purpose which cannot be accomplished directly because the particular person lacks the power or capacity to do so cannot be accomplished indirectly by an estoppel of that person.

Legal capacity, actually wanting, cannot be supplied by estoppel, nor can a person be estopped in pais when he cannot bind himself by contract. * * *

By refusing to allow this action to be maintained, I do not mean to say that the plaintiff would be precluded from getting redress against the insurance company and its agent in some other proceeding. That matter is not before us.

I think the district court should be affirmed and that each party should bear its own costs.

HENRIOD, J., concurs with the dissenting opinion of ELLETT, J.,